COMMONWEALTH *vs.* ELLEN CARTER.

To sustain a complaint on the St. of 1866, c. 235, §§ 1, 3, that continually for forty days next preceding its date a girl was an idle person, without visible means of support, and living without lawful employment, there was evidence, at the trial, that for more than a year she had been an inmate of a bawdy-house, and within the forty days had several times been seen there doing nothing, and also been seen walking on the street with other girls from the house; that she said she came from Canada and had no relatives here; that a policeman who had known her for a year and a half did not know that she had any employment or what were her means of support; and that she concealed herself to avoid arrest. *Held,* that she had no ground of exception to the refusal of a ruling that there was no evidence for the jury.

COMPLAINT on the St. of 1866, c. 235, §§ 1, 3, to the municipal court of the city of Worcester, that at said city on January 1, 1871, and thenceforward continually to the date of the complaint, February 10, 1871, Ellen Carter "was an idle person, then and there having no visible means of support, and living without lawful employment." At the trial in the superior court, on appeal, before *Dewey,* J., the following was all the evidence ·

Washington A. Washburn testified thus: "I am a police officer of Worcester, and have known the defendant a year and a half. During that time she has been an inmate of a house of ill fame; sometimes at the 'brick house' and sometimes at the 'farm.' I do not know that she has employment. I do not know about her means of support. I have seen her, within the time mentioned in the complaint, twice at the house called the 'farm,' which is a house of ill fame, about two or three minutes each time; and three or four other times on the street, walking with other girls from the same institution. When on the street, she was passing along as other people do; nothing peculiar about her appearance. On my inquiry where she came from, she said she had no relatives here, but her folks lived in Canada. When I arrested her, I found her concealed under the attic roof of the house called the 'farm,' thirty or forty feet from the light."

James M. Drennan testified "that he had known the defendant a year or more; saw her once, within the time mentioned in the complaint, at the 'farm,' about five minutes or so; that there she was doing nothing particular; did not remember whether it was in the daytime or evening; had seen her walking on the street; and never saw her doing anything."

George Harrington testified "that he was a hack-driver; had been to the 'farm' frequently; did not know that he saw the defendant there during the time mentioned in the complaint; but had seen her at the 'farm' once or twice in the evening; that she was there doing nothing."

The defendant requested the judge to rule that there was not sufficient evidence to warrant a conviction; but he refused to do so, and submitted the case to the jury with instructions to which no exception was taken. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*F. A. Gaskill*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth, cited *Commonwealth* v. *Norton*, 13 Allen, 550.

BY THE COURT. There was evidence sufficient to warrant the jury in finding the verdict.  *Exceptions overruled.*