The State *v.* Cummins.

No. 9732.

THE STATE *v.* CUMMINS.

CRIMINAL LAW.—*Vagrancy.*—*Affidavit.*—An affidavit charged that, on, etc., at, etc., "J. C., an able-bodied male person, who has arrived at years of discretion, was then and there unlawfully found without any visible means of support, and then and there unlawfully found loitering and idling in and about the saloon of F. and the saloon of W., which said saloons were then and there tippling-houses, * * without being there engaged in some useful employment," is a sufficient charge of vagrancy in a prosecution before a justice of the peace, under the act of 1877, Acts 1877, Spec. Sess., p. 80.

SAME.—*Duplicity.*—Duplicity is no ground for quashing an affidavit.

From the Jackson Circuit Court.

*D. P. Baldwin,* Attorney General, *W. W. Thornton, F. L. Prow,* Prosecuting Attorney, and *D. A. Kochenour,* for the State.

NIBLACK, J.—This was a criminal prosecution against John Cummins, for vagrancy, and was commenced before a justice of the peace. There was a trial and conviction before the justice, and upon an appeal to the circuit court, the affidavit was quashed and the defendant discharged. The State has appealed and assigned error upon the decision of the court quashing the affidavit.

The charging portion of the affidavit was as follows:

"John Stout upon his oath swears, that, on the 25th day of July, 1881, and from that day continuously until the 8th day of August, 1881, at and within the county of Jackson, and State of Indiana, John Cummins, an able-bodied male person, who has arrived at years of discretion, was then and there unlawfully found without any visible means of support, and then and there unlawfully found loitering and idling in and about the saloon of Frank Faulk, and the saloon of John Winscott, which said saloons were then and there tippling-houses and beer-houses, and the said John Cummins as aforesaid was then and there unlawfully found without any visible employment, lodging and idling in and around the sheds, stables and hacks

The State *v.* Cummins.

of John Stout, the same being then and there unusual and improper places for orderly and industrious persons to be, without being there engaged in some useful employment."

This prosecution was based upon the 1st section of the act defining vagrancy, approved March 15th, 1877, Acts 1877, Spec. Sess., p. 80.

We have no brief for the appellee, and no information as to the grounds on which the affidavit was quashed.

It has been held by this court that so much at least of the act above referred to as creates and defines the offences enumerated in it is valid, and that the offences thus created and defined may be punished, under other sections of the act, by the usual methods of criminal procedure, in any court having jurisdiction. *The State* v. *Newton,* 59 Ind. 173. So much of this act as makes it an offence to idly loiter about tippling-houses and beer-houses may, we think, be summarized as follows: " That any person, male or female, who shall have arrived at years of discretion, and who may be found loitering or idling about tippling-houses or beer-houses, without being engaged in some useful employment there, and without visible means of support, shall be adjudged a vagrant."

The affidavit before us was not artistically drawn, but appears to us to have contained a substantially sufficient charge of unlawfully loitering and idling about the saloons of Faulk and Winscott, within the meaning of the act defining vagrancy as above construed.

The allegations of the affidavit tending to make out a charge against the appellee of another offence, under that act, was mere surplusage and did not affect the validity of the affidavit. Duplicity does not afford cause for quashing an affidavit or indictment. *The State* v. *Wickey,* 54 Ind. 438.

We are, therefore, of the opinion that the court below erred in quashing the affidavit.

The judgment is reversed, with costs, and the cause remanded for further proceedings.