## EX PARTE CHARLES BATTIS.

No. 1963. Decided December 22, 1898.

**Municipal Ordinance Regulating Vehicles Unreasonable and Oppressive.**

A municipal ordinance passed under charter provisions authorizing the city council to prevent the incumbering of streets, etc., and to regulate hackmen and the stands for vehicles, which declared it a misdemeanon punishable by fine to "stop, stand, or detain" any carriage, hack, etc., used for carrying passengers, etc., on any one of certain named streets, or in front of any hotel in the city, except when actually engaged in receiving or delivering passengers or goods, etc., is an unreasonable and oppressive exercise of power, in contravention of common right, and not authorized by the said charter provisions.

APPEAL from the District Court of Tarrant. Tried below before Hon. IRBY DUNKLIN.

Violation of city ordinance. Habeas corpus to be released from arrest for. Appeal from a judgment on a habeas corpus proceeding remanding relator to custody under arrest upon a complaint charging a violation of a city ordinance regulating the stoppage, etc., of hacks, etc.

The opinion states the case.

*Wilson Gregg,* for relator, cited Ex Parte Gregory, 20 Texas Crim. App., 222; Hirshfield v. State, 29 Texas Crim. App., 244; Railway v. Town of Crown Point, 45 N. E. Rep., 587; 61 Minn., 427; 64 Mo. App., 441; 1 Dill on Mun. Corp., secs. 319, 341, 327, 328.

*William D. Williams,* for respondent.—The city of Fort Worth had express legislative authority for the ordinance in question, and where such authority has been given, the courts ought not and will not inquire into the reasonableness of the ordinance.

The charter authorizes the city council "To prevent the incumbering of the streets," etc., "with carriages, hacks,  \*  \*  \*   or any vehicle whatsoever," and "to regulate hackmen  \*  \*  \*   and drivers of vehicles of every kind," and "to pass ordinances to carry into effect" the charter powers, and "to enforce such ordinances by fine," etc. Ex Parte McCarver, 39 Texas Crim. App., 448; 17 Am. and Eng. Enc. of Law, 247; Cool. Const. Lim., 4 ed., pp. 243, 244, and note; Horr & Bemis Mun. Ord., sec. 128; Beiling v. Evansville, 35 L. R. A., 272; Olympia v. Mann, 12 L. R. A., 150; Coal Float v. Jeffersonville, 112 Ind., 15; Railway v. Baltimore, 20 L. R. A., 126.

HENDERSON, JUDGE.—Relator was arrested for an alleged violation of a city ordinance, and sued out a writ of habeas corpus before the district judge, who, after hearing the evidence, remanded the prisoner, and he prosecutes this appeal.

The complaint is as follows: "In the Name and by the Authority of the City of Fort Worth. In the City Court. Before the undersigned authority, this day personally appeared L. P. Moore, who, being duly sworn, upon oath deposes and says that on the 17th day of November, 1898, and before the filing of this complaint, one Charles Battis, within the corporate limits of the city aforesaid, who was then and there using a certain street carriage and hack for the purpose of conveying passengers from one part of the city to another for hire, and who did then and there stop, stand and detain such carriage and hack on Main Street, of said city, when not actually engaged in receiving and delivering passengers and goods and merchandise, in violation of the ordinances of said city in such cases made and provided, contrary to the law of the State of Texas, and against the peace and dignity of the city of Fort Worth," etc.

The portions of the charter of the city of Fort Worth introduced in

40th Crim. Reps.—8

evidence are as follows: Section 53 provides that the city council, among other things, shall have power "to prevent the incumbering of the streets, alleys, sidewalks, and public grounds with carriages, wagons, carts, hacks, buggies, or any vehicle whatsoever." Spec. Laws 1889, p. 76. Section 53a provides that the city council shall have power "to license, tax and regulate hackmen, draymen, omnibus drivers, baggage wagon drivers, and drivers of vehicles of every kind, * * * and to regulate stands for vehicles," etc. Spec. Laws 1891, p. 16. The ordinance passed by the city of Fort Worth under said provisions of the charter is as follows: Chapter 7, article 55: "Any person or persons owning or using any street carriage, hack, or other vehicle for the purpose of conveying passengers, goods, wares or merchandise from one part of the city of Fort Worth to another, for hire, who shall stop, stand or detain any such carriage, hack or vehicle on Main or Houston streets, or upon any cross streets running east and west between said Main and Houston streets, commencing with Weatherford Street on the north, and ending with Seventh Street on the south, or in front of any public hotel in said city, except when actually engaged in receiving or delivering passengers, goods, wares, or merchandise, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than five nor more than twenty-five dollars," etc. Appellant proposed to introduce witnesses to show the conditions surrounding said streets constituting the locus in quo, in connection with his proposition that the ordinance in question was an unreasonable exercise of the power of said city. The court, however, refused to hear testimony on the subject. We think the bill is defective in failing to state the facts desired to be proved. So, we will consider the question of the reasonableness of said ordinance on this phase as presented by the charter and ordinance.

There is no question that the authority granted to the city by the Legislature in its charter to regulate the use of the streets and alleys and public grounds and prevent the incumbering of the same by carriages, wagons, etc., is ample; that is, the Legislature, in the charter, distinctly gave to the city of Fort Worth the power to regulate the use of the public streets, alleys, etc., by vehicles. "Where the power to legislate on a given subject is conferred, and the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid." See 1 Dill. Mun. Corp., sec. 328, note 1. It is contended here, however, that the ordinance in question, prohibiting the stopping of vehicles on said streets of Fort Worth for all purposes, except loading and unloading, is an unreasonable exercise of the power of the municipality, and is in excess of the charter right to regulate the use of said streets, and to prevent the incumbrance thereof. It is the general doctrine in this country that every ordinance of a corporation must be either authorized by the charter of such corporation or one of the incidental powers of the corporation which is implied; furthermore, that every by-law must be

reasonable, and the reasonability of a by-law is a subject to be passed on by the courts. 1 Dill. Mun. Corp., sec. 319, and authorities cited in note. It is held, furthermore, that the courts will be liberal in upholding an ordinance, and, if its reasonableness be doubtful, it will not be held void. Ex Parte Gregory, 20 Texas Crim. App., 210. Ordinances, to be reasonable and lawful, must not be oppressive, must be impartial, fair, and generally may regulate, but not prohibit, matters of common right. 1 Dill. Mun. Corp., secs. 320-323, 325. Now, applying these rules to the above ordinance, does it appear that the same was a reasonable exercise of the power of the municipality under its charter? The ordinance in question, it will be noted, inhibits the stoppage of vehicles on said streets in the city of Fort Worth for any purpose, except to receive and discharge freight or passengers. Under it, no matter what the emergency might be, a person stopping a vehicle outside of the exceptions, would violate the ordinance, and be subject to punishment. A great many exigencies might occur for a person to stop a vehicle for the transportation of goods or passengers, which he might be driving, entirely reasonable; but under the ordinance, if he delay but a moment, he would be subject to a fine. There can be no question that, under a proper ordinance, the municipality has authority to prevent the incumbering or obstruction of its streets, alleys, and highways by vehicles, and, to that end, can regulate their use, can fix stands for vehicles, and permit them to use no other place as stands. This would be a proper exercise of its power to regulate; but it occurs to us that the sweeping declaration in this ordinance, inhibiting the stoppage of vehicles for any purpose, outside of the exceptions mentioned, is oppressive, and is in contravention of common right, and so is unreasonable, and, in our opinion, is not authorized by the charter. We therefore hold the city ordinance void, and relator is ordered discharged.

*Reversed and relator discharged.*

Hurt, Presiding Judge, absent.