[Crim. No. 82.   Second Appellate District.—March 25, 1908.]

## In re HUGH McCUE, on Habeas Corpus.

CRIMINAL LAW—VAGRANCY—"IDLE, LEWD OR DISSOLUTE PERSON"—
CONSTITUTION—POLICE POWER OF LEGISLATURE.—While it is not
competent for the legislature to punish mere idleness alone, without
qualification, as constituting a vagrant, yet it is a competent exer-
cise of its police power under the constitution to enact in subdi-
vision 5 of section 537 of the Penal Code that every lewd or disso-
lute person shall be punished as a vagrant, and that subdivision is
not invalid because failing to define the constituent elements of the
crime.

ID.—SUFFICIENCY OF CHARGE—POWER OF COURT.—One who is charged
in the conjunctive under subdivision 5 of section 537 of the Penal
Code with being "an idle, lewd and dissolute person," is sufficiently
advised of the character of his offense as a vagrant. It is within
the power of the court to determine whether one charged as a
vagrant comes within the class of lewd or dissolute persons.

ID.—AMENDMENT OF SECTION.—The amendment of section 537 of the
Penal Code by reference to its number was proper.

ID.—HABEAS CORPUS—SUFFICIENCY OF CHARGE NOT EXAMINED.—On
*habeas corpus* it is sufficient that the defendant is charged with
the kind of an offense of which the court has jurisdiction; and the
question whether the facts charged are sufficient to constitute an
offense of that kind will not be examined into on *habeas corpus*.

ID.—WARRANT FOR ARREST.—A warrant for arrest is only required by
section 1472 of the Penal Code to designate the offense charged.

PETITION for discharge on writ of *habeas corpus,* directed
to the sheriff of San Diego County.

The facts are stated in the opinion of the court.

J. Wade McDonald, for Petitioner.

L. R. Kirby, District Attorney, and H. S. Utley, Assistant
District Attorney, for Respondent.

ALLEN, P. J.—Application for writ of *habeas corpus.*
Petitioner is serving a sentence imposed on account of a
violation of subdivision 5, section 647, Penal Code. This sub-

division provides: "Every idle or lewd or dissolute person, or associate of known thieves, . . . is a vagrant." It is insisted that this subdivision is void, in that the constituent elements entering into the crime are not defined, and as a consequence one charged thereunder is subject to the arbitrary meaning given by the court to the words employed; that it denounces a penalty against one who is either idle, lewd or dissolute without reference to the circumstances or conditions or acts of such person, or their effect as injuriously affecting the public health or morals. We are inclined to the view that while idleness, whether it be that of the "idle rich" or "idle poor," is a prolific source of crime, still it is not competent for the legislature to denounce mere inaction as a crime without some qualification. But this cannot be said of lewdness or dissoluteness—terms often used interchangeably but each of which applies to the unlawful indulgence of lust, whether in public or private. "Any practice the tendency of which, as shown by experience, is to weaken or corrupt the morals of those who follow it, . . . is a legitimate subject for regulation or prohibition by the state, . . . and unless it clearly appears that a statute enacted for this purpose has no real or substantial relation to these objects, and that the fundamental rights of the citizen are assailed under the guise of a police regulation, the action of the legislative department is conclusive." (Ex parte Tuttle, 91 Cal. 590, [27 Pac. 934].) The elements of lewdness and dissoluteness, under the accepted definition of those terms, come directly within the inhibited practices and are proper subjects of regulation and prohibition. The statute, then, is a valid exercise of police power as to these elements, and it is within the power of the court to determine whether one charged comes within the class of lewd or dissolute persons. (Ex parte Ah Fook, 49 Cal. 404.) The constitutional right of due process of law will not be given such effect as will render impossible laws which are generally admitted to be essential to the safety and well-being of society. (Lent v. Tillson, 72 Cal. 425, [14 Pac. 71].) One charged, as was petitioner, with being an idle, lewd and dissolute person is sufficiently advised of the character of his offense. To say that the legislature must specify the many evil and corrupt practices which might constitute one a lewd or dissolute person would often render the enforcement of a police regulation in connection therewith impossible, and this

without considering the indelicacy and impropriety of expression which would often be necessary.

The amendment of the section by reference to its number is proper. (*People* v. *Oates,* 142 Cal. 12, [75 Pac. 337].)

The affidavit purports to state an offense of a kind of which the courts have jurisdiction. The question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus.* (*Ex parte Ruef,* 150 Cal. 666, [89 Pac. 605].) The warrant designated the offense charged, which is all that is required by section 1427, Penal Code.

The writ is denied.

Shaw, J., and Taggart, J., concurred.