---

Ex parte PARR. (No. 4851.)

(Court of Criminal Appeals of Texas. Jan. 16, 1918.)

1. MUNICIPAL CORPORATIONS ⊜114 — ORDINANCES—AMENDMENT OR REVIVAL.

Const. art. 3, § 36, providing that no law shall be revived or amended by reference to its title, but that in such case the act revived or the section, or sections, amended shall be reenacted and published at length, does not apply to the enactment of municipal ordinances.

2. LICENSES ⊜7(1) — VALIDITY OF ORDINANCES—NATURE OF LICENSE.

Under Acts 33d Leg. c. 147 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a to 1096i), providing that cities adopting or amending their charters under that act shall have the powers therein enumerated, including the power to regulate, inspect, and license all occupations and charge license and inspection fees therefor, a city ordinance, requiring persons operating automobiles for hire to obtain a license and pay a license fee, was not invalid as imposing an unauthorized occupation tax, but was a valid exercise of the police power.

3. MUNICIPAL CORPORATIONS ⊜592(1) — LICENSES—CONFLICT WITH STATE LAW.

A municipal ordinance, requiring persons operating automobiles for hire to obtain a license and pay a license fee, was not in conflict with Acts 35th Leg. c. 190, creating the state highway department and assuming control of the operation of motor vehicles, in view of section 25, providing that its provisions shall not affect the right of incorporated cities and towns to license and regulate the use of motor vehicles for hire in such corporation, and section 23 of chapter 207 of the Thirty-Fifth Legislature reserving similar authority to cities.

4. LICENSES ⊜7(3)—VALIDITY OF ORDINANCES—UNIFORMITY.

It was not an improper classification to provide in one ordinance for the licensing of jitneys operating over particular routes, and in another ordinance for the licensing of service cars confined to no particular route.

5. LICENSES ⊜26 — CONDITIONS IMPOSED — INDEMNITY BONDS.

A requirement of an ordinance, licensing the operation of automobiles for hire that applicants for a license should furnish a bond or indemnity insurance in the sum of $10,000 against injuries to persons or property through the negligent operation of such automobiles, was not unreasonable on its face.

6. MUNICIPAL CORPORATIONS ⊜121 — ORDINANCES—RIGHT TO ATTACK VALIDITY.

One charged with operating an automobile for hire without a license in violation of an ordinance was in no position to raise the question as to the validity of the ordinance by reason of the authority therein given to revoke the license.

7. LICENSES ⊜7(1)—VALIDITY OF ORDINANCES—REVOCATION OF LICENSE.

An ordinance requiring a license to operate automobiles for hire was not rendered invalid by a provision therein giving authority to revoke the license.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

8. MUNICIPAL CORPORATIONS ⬅63(2)—ORDINANCES—JUDICIAL SUPERVISION.

A city having authority to pass reasonable regulations governing automobiles operated on its streets for hire, the court would not be authorized to declare its provisions unreasonable, unless it clearly appeared that they were so.

Original application by A. S. Parr for a writ of habeas corpus. Application dismissed.

Chambers & Watson, of San Antonio, for appellant. R. J. McMillan, City Atty., of San Antonio, and E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. The city of San Antonio is incorporated under a special act of the Legislature, subsequently amended under the provisions of the act of the Thirty-Third Legislature, p. 307, known as the Enabling Act touching the so-called Home Rule Amendment to the Constitution, which act is chapter 17, tit. 22, Vernon-Sayles' Civil Statutes. The charter contains numerous provisions giving broad powers touching police regulations, and in section 99 specific authority is given to "regulate, inspect and license all occupations when necessary or proper for the good order, public health, public safety or general regulation of the city, and charge license and inspection fees therefor, and such fees shall not be construed as occupation taxes."

The act of the Thirty-Third Legislature, supra, under which the charter was amended, also contains provisions defining the power of cities acting thereunder, among which provisions is the following:

"To license, operate and control the operation of all character of vehicles using the public streets, including motorcycles, automobiles or like vehicles." "To regulate, license and fix the charges of fares made by any person owning, operating or controlling any vehicle of any character used for the" purpose of carrying "passengers for hire."

[1] On the 27th of August, 1917, the City of San Antonio passed an ordinance requiring all persons desiring license to operate automobiles for hire to make written application therefor, pay a license fee, and furnish bond or indemnity insurance in the total sum of $10,000 against injuries to persons or property through the negligent operation of such automobiles by the licensee or his employé. Relator is held under a complaint charging a violation of the provisions of this ordinance, and there is filed in the case a written admission by the relator stating, in substance, that he was engaged in operating an automobile for hire upon the public streets of San Antonio without complying with the requirements of the ordinance, and further stipulating that unless the ordinance is void his restraint was legal. He seeks his discharge upon original application for writ of habeas corpus to this court, making various contentions as to the invalidity of the ordinance, which specifications are too numerous to discuss in detail, but which, in the main, assert that the ordinance is an unauthorized and unreasonable police regulation. Aside from the want of authority to pass the ordinance, he complains that the title and preamble of the ordinance are not in accord with article 3, § 36, of the Constitution, and that it is violative of that article in its reference to another ordinance. This contention is based on the incorrect assumption that the article of the Constitution mentioned controls the enactment of ordinances. Morris v. State, 62 Tex. 728; Dillon on Municipal Corporations, §§ 72, 577; Craddock v. City of San Antonio, 198 S. W. 634.

[2, 3] Particular objection is made to the provision of the ordinance requiring a license fee, upon the ground that it is an occupation tax, and further that it is in conflict with chapter 190 of the Acts of the Thirty-Fifth Legislature, p. 425, creating the State Highway Department, and assuming control of the operation of motor vehicles. Touching the point that the license fee is an unauthorized occupation tax, we refer to the decision of the Supreme Court of Texas in the case of Brown v. City of Galveston, 97 Tex. 17, 75 S. W. 488, wherein the question involved is determined contrary to the view of relator. And with reference to the conflict with the state law, it appears that section 25 of the act mentioned contains the following:

"But this provision shall not affect the right of incorporated cities and towns to license and regulate the use of motor vehicles for hire in such corporation."

Similar authority is reserved in the city in another act of the same Legislature. Chapter 207, p. 481, § 23. When granted to the city government by the lawmaking power of the state, the license and reasonable regulation of vehicles upon the streets is a valid exercise of the police power. 28 Cyc. 731; Dillon on Mun. Corp. § 1166; Lawson v. Connolly, 175 Mich. 375, 141 N. W. 623, 45 L. R. A. (N. S.) 1152.

Numerous instances of the exercise of this power upon various kinds of vehicles are to be found in the reports. As to its operation upon stages, see 28 Cyc. 765; omnibuses, 28 Cyc. 731, 910; vehicles carrying advertisements, Fifth Ave. Coach Co. v. New York, 221 U. S. 467, 31 Sup. Ct. 709, 55 L. Ed. 815; hacks, Kissinger v. Hay, 52 Tex. Civ. App. 295, 113 S. W. 1005; Ex parte Battis, 40 Tex. Cr. R. 112, 48 S. W. 513, 43 L. R. A. 863, 76 Am. St. Rep. 708; market wagons, Wade v. Nunnelly, 19 Tex. Civ. App. 256, 46 S. W. 668; carriages, Veneman v. Jones, 118 Ind. 41, 20 N. E. 644, 10 Am. St. Rep. 100; Combs v. Lakewood, 68 N. J. Law, 582, 53 Atl. 697; Ex parte Vance, 42 Tex. Cr. R. 619, 62 S. W. 568; wagons, State v. Boardman, 93 Me. 73, 44 Atl. 118, 46 L. R. A. 750; automobiles, Commonwealth v. Boyd, 188 Mass. 79, 74 N. E. 255, 108 Am. St. Rep. 464. The validity of ordinances requiring license of vehicles has of-

ten been upheld. Tomlinson v. Indianapolis, 144 Ind. 142, 43 N. E. 9, 36 L. R. A. 413; Gartside v. East St. Louis, 43 Ill. 47; St. Louis v. Green, 70 Mo. 562; Commonwealth v. Stodder, 2 Cush. (Mass.) 562, 48 Am. Dec. 679, in connection with which see notes under American Decisions, vol. 7, p. 454, and cases cited; Ex parte Counts, 39 Nev. 61, 153 Pac. 93; Memphis v. State, 133 Tenn. 83, 179 S. W. 631, L. R. A. 1916B, and note citing cases, p. 1157, Ann. Cas. 1917C, 1056.

[4, 5] It appears that the ordinances of San Antonio have regulations similar to those contained in the ordinance in question with reference to all automobiles operated for hire, jitneys operating confined to particular routes in one ordinance, and service cars confined to no particular route in another. There is nothing pointed out which indicates an improper classification. Ruling Case Law vol. 6, p. 397, and notes under sections 393 and 395. The requirement that persons operating motor vehicles upon the street for hire furnish security to indemnify persons suffering injury by reason of the misuse of the license to use the streets through his negligent conduct of his business has been approved in a number of instances. Ex parte Cardinal, 170 Cal. 519, 150 Pac. 348, L. R. A. 1915F, p. 850, and cases cited in note; Memphis v. State, 133 Tenn. 83, 179 S. W. 631, L. R. A. 1916B, 1158, Ann. Cas. 1917C, 1056, and cases cited in opinion and note; Willis v. Smith, 121 Ark. 606, 182 S. W. 275; La Blanc v. New Orleans, 138 La. 243, 70 South. 212; Dickey v. Davis, 76 W. Va. 576, 85 S. E. 781, L. R. A. 1915F, 841; wherein the following authorities are quoted:

"A distinction must be made between the general use, which all the public are permitted to make of the streets for ordinary purposes, and the special and peculiar use, which is made by classes of persons in the pursuit of their occupation or business, such as hackmen, drivers of express wagons, omnibuses, etc. Tiedeman. Mun. Corp. § 299.

"The rule must be considered settled that no person can acquire a right to make a special or exceptional use of a public highway, not common to all the citizens of the state, except by grant from the sovereign power. Jersey City Gas Co. v. Dwight, 29 N. J. Eq. 242; McQuillin, Mun. Corp. 1620. * * *

" 'The Fourteenth Amendment of the Constitution of the United States does not destroy the power of the states to enact police regulations as to the subjects within their control, * * * and does not have the effect of creating a particular and personal right in the citizen to use public property in defiance of the Constitution and laws of the state.' Davis v. Massachusetts, 167 U. S. 43, 47, 42 L. Ed. 71, 17 Sup. Ct. 731, 733."

[6, 7] The suggestion that the ordinance is void by reason of the authority therein given to revoke the license might be met with the view that relator, not complaining of the revocation of the license, is not in position to raise the question. Kissinger v. Hay, 113 S. W. 1008. Granting that we are called upon to pass upon the point, we think it is not well taken. Fischer v. St. Louis, 194 U. S.

361, 24 Sup. Ct. 673, 48 L. Ed. 1018; Davis v. Massachusetts, 167 U. S. 43, 17 Sup. Ct. 731, 42 L. Ed. 31; Wilson v. Eureka, 173 U. S. 317, 19 Sup. Ct. 317, 43 L. Ed. 605.

[8] The city of San Antonio having authority to pass reasonable regulations governing automobiles operated upon its streets for hire, we would not be authorized to declare its provisions unreasonable unless it clearly appeared that they were so. Ex parte Vance, 42 Tex. Cr. R. 623, 62 S. W. 568; Ex parte Battis, 40 Tex. Cr. R. 112, 48 S. W. 513, 43 L. R. A. 863, 76 Am. St. Rep. 708; Ruling Case Law, vol. 6, p. 244, and cases cited in notes. We discern nothing in the indemnity obligation required which would condemn the ordinance as unreasonable. It creates no liability against the operators of automobiles for hire, but simply provides a limited security for the satisfaction of liabilities that may be incurred by the negligence of the licensee or those operating the automobile for him. The tendency of such a provision manifestly is to protect the citizens of the city using the streets in the ordinary way by stimulating caution on the part of those operating the vehicle. The cases cited above are mainly from other states. They are not different in principle, however, from those in our own state construing ordinances regulating jitneys, among which are Greene v. City of San Antonio, 178 S. W. 7; Peters v. City of San Antonio, 195 S. W. 989; Auto Transit Co. v. Ft. Worth, 182 S. W. 685; Ex parte Bogle, 179 S. W. 1193; Ex parte Sullivan, 77 Tex. Cr. R. 72, 178 S. W. 537. In these cases the ordinances have been upheld. The dissenting opinion in Ex parte Sullivan is apparently based upon evidence showing a state of facts somewhat different from that involved in the present record. In the instant case there are no facts shown indicating that there is an unfair classification. All motor vehicles operated for hire are, as above stated, under similar regulations in the city of San Antonio. Nor is it apparent from the record that the license fee is unduly onerous, nor that the requirement of indemnity is so difficult to comply with as to be unreasonable, nor that the terms of the indemnity are not reasonable. The presumption that they are reasonable is not rebutted upon the face of the ordinance, nor by evidence attacking it. In fact, there is only pleading, but no evidence. Ex parte Clark, 198 S. W. 955, and cases cited. The agreement filed sets out no fact, except that the relator is operating his service car for hire in defiance of the ordinance on the theory that it is void on its face. It was held valid in Craddock v. City of San Antonio, 198 S. W. 634, in a lucid opinion written by Chief Justice Fly. The inaccuracy of his conclusion is not apparent.

The application for writ of habeas corpus is dismissed.