EX PARTE ROBERT O. MITTELSTAEDT

No. 28,501. November 7, 1956.
Appellant's Motion for Rehearing Overruled
January 9, 1957.

116

*Neal Dancer,* Corpus Christi, for petitioner.

*I. M. Singler,* City Attorney, *C. J. Taylor, Jr.,* Assistant City Attorney, Corpus Christi, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

An ordinance of the city of Corpus Christi reads as follows:

"It shall be unlawful for any person to loaf or loiter within 250 feet of any school, public or private, or within 250 feet of any public building * * * ."

The punishment fixed for a violation of that ordinance is a fine not exceeding $200.

Appellant stands charged by complaint in the corporation court of the city of Corpus Christi with a violation of that ordinance, it being alleged that he did then and there "unlawfully loaf and loiter within a distance of two hundred fifty feet of a public building, to wit, a public building located in the 800 block of Buffalo street, then and there occupied by the Texas Employment Commission."

Before the 94th District Court of Nueces County, appellant, as relator, sought by writ of habeas corpus to be discharged from arrest and custody under said accusation, insisting that the ordinance was void and of no force and effect.

The relief prayed for was denied, and notice of appeal to this court followed.

Let it be understood at the outset that, under the circumstances here presented, jurisdiction of this court, as well as of the trial court, is limited to a determination as to whether the ordinance is void. Ex parte Halsted, 147 Texas Cr. Rep. 453, 182 S.W. 2d 479; Ex parte George, 152 Texas Cr. Rep. 465, 215 S.W. 2d 170.

So then, the sole question for our determination, here, is whether the city of Corpus Christi has the power and authority to say that it is "unlawful for any person to loaf or loiter within 250 feet of any school, public or private, or within 250 feet of any public building," and provide a punishment therefor.

The ordinance gives no definition of the terms "loaf" and "loiter," as used therein, nor is there any special designation given to the term "public building" or the use made thereof.

By Art. 860, P.C., the legislature has defined a public building as, among other things, all buildings "held for public use by any department or branch of government, State, county or municipal." Other than those buildings which are specifically named in that statute as being public buildings, a building in order to be a public building must be "held for public use" by a department or branch of government.

It is apparent, therefore, that any building "held for public use" by any department of the state, county, or municipal government is within and covered by the ordinance.

The legislature has legislated upon the subject of loafing and loitering in a city of this state by the passage of the vagrancy statute: Art. 607, Sec. 4, P.C., where it is made unlawful for one, under certain conditions, to loaf and loiter within the city.

In the case of Brewer v. State, 113 Texas Cr. Rep. 522, 24 S.W. 2d 409, there was before this court the question as to the validity of an ordinance of the city of Wichita Falls which made it unlawful " 'for a male person over the age of fourteen years to have sexual intercourse with a female person eighteen years of age or over, other than his lawful wife, within the corporate limits of Wichita Falls, Texas.' " The ordinance was held to be void as being in conflict with the statute, Art. 499, P.C., defining and making unlawful the crime of adultery, and Art. 503, P.C., defining and making unlawful the crime of fornication. The conclusion was reached that the ordinance was void because "The same subject—that is, unlawful sexual intercourse —is covered by both the ordinance and state statutes."

The same is true of the instant ordinance and state statutes, because both make loafing and loitering, under certain conditions, unlawful in a city and in a public place.

For the reasons stated, the conclusion is reached that the

ordinance under which appellant stands charged is void and that he should be discharged from any further restraint thereunder.

It is so ordered.

ON MOTION FOR REHEARING

WOODLEY, Judge.

The ordinance provides punishment for a single instance of idleness or loitering within 250 feet of a school or public building, whereas the vagrancy statute, Art. 607 P.C., punishes one who has the characteristics of a vagrant.

Loitering alone is not an offense under the state statutes. Under the provisions of Sec. 4 of Art. 607 P.C. all able-bodied persons who habitually loaf, loiter and idle in a public place for a large portion of their time are declared to be vagrants, but only if such persons are without any regular employment or visible means of support.

In Ex parte Strittmatter, 58 Texas Cr. Rep. 156, 124 S.W. 906, this court upheld the vagrancy statute as applied to such a loafer and said:

"We think the terms 'loiter, loaf, and idle' are wholly at variance with the occasional or even frequent presence at such public places by deserving persons who may be for the time being unemployed."

The court concluded that since it became a question of fact as to whether an accused was a vagrant, it was unlikely, if not inconceivable "that any good and deserving man or woman should suffer punishment under this act, who is not in fact guilty under its terms."

We find no such assurance under the ordinance, for the "good and deserving man or woman" is guilty under its terms if he or she spends any time, however brief, in idleness or loafing while within 250 feet of a school or a public building.

It matters not under the ordinance whether the accused be employed or unemployed; able-bodied or infirm; a suspected peddler of narcotics or a law-abiding merchant.

Whether the accused is a man of great means or is without visible means of support; is an habitual loafer or an industrious person, enjoying rest and relaxation from his every day labors, is immaterial. Under the ordinance, if valid and enforced without discrimination, he is guilty who loiters though for a brief moment near any public building in the city of Corpus Christi.

While idleness is a prolific source of crime, it is not competent for the legislature to denounce mere inaction as a crime without some qualifications. Ex parte McCue (Cal.) 96 P. 110.

The sole qualification we find in the ordinance is that the idleness or loitering occur within 250 feet of a school or public building.

An ordinance of the city of St. Louis wherein a punishment was provided "for any person or persons who shall lounge, stand or loaf around or about or at street corners or other public places" was held by the Supreme Court of Missouri to infringe upon the right of personal liberty, to be unreasonable and oppressive and for such reasons void, in City of St. Louis v. Gloner, 109 S.W. 30.

In Ex parte Battis, 48 S.W. 513, this court held an ordinance of the city of Ft. Worth to be unreasonable, oppressive and void, which made it an offense for any person owning or using a vehicle for the purpose of conveying passengers, goods, wares or merchandise from one part of the city to another for hire, to stop, stand or detain such vehicle upon certain streets and at certain places, except when actually engaged in receiving or delivering passengers, goods, wares or merchandise. It was pointed out that if the driver delayed but a moment he would be subject to a fine under the ordinance.

Appellee says that it is no offense under the ordinance to loaf or loiter upon private property, and asserts: "Whether or not the defendant would be guilty of violating the ordinance would depend upon the particular facts and circumstances surrounding the arrest and complaint against the defendant."

If these contentions be correct then the elements of the offense are not set out in the ordinance and it is void for uncertainty.

The following quotation from Territory of Hawaii v. Anduha, 48 F. 2d 171, 172 (Circuit Court of Appeals, 9th Circuit) might well be applied to the city of Corpus Christi and to the ordinance in question.

"Visitors, lured by the fame of our climate and of our natural scenery and the hospitality of our people, come here for recreation and pleasure. Many of them, having no other occupation, habitually but harmlessly idle or loiter upon our streets and highways. In their pursuit of happines, which is a guaranteed right, they loiter before shop windows, pause to enjoy the changing colors of the ocean and to talk with friends. It would be shocking to say that so long as they are innocent of any wrong and conduct themselves with due regard to the rights of others and the good order of the community the legislature has the constitutional authority to declare them misdemeanants and subject them to arrest and imprisonment * * * .

"These words (idle, loaf and loiter) have no sinister meaning and imply no wrongdoing or misconduct on the part of those engaged in the prohibited practices. It is a matter of common knowledge, of which we must take judicial cognizance, that the majority of mankind spend a goodly part of their waking hours in whiling or idling the time away, and much of that time is spent on public streets and highways and in public places. The public press informs us that three million tourists are expected to visit California during the present year, and what will they come for and what will they do after their arrival but idle and loiter on the public streets and highways and in public places, because they will not be permitted to invade private property. In short, the multitudes who seek rest, recreation, and pleasure at summer and winter resorts and at sea shores are at best little more than idlers or loiterers. * * *

"It is almost needless to say that such an act cannot be enforced, and that no attempt will be made to enforce it, indiscriminately. It may be enforced against those poor hapless ones who are unable to assert or protect their rights, but as to all others it will remain a dead letter. It may be enforced to suppress one class of idlers in order to make a place more attractive to other idlers of a more desirable class. In any view we take of it, the act trenches upon the inalienable rights of the citizen to do what he will and when he will, so long as his course of conduct is not inimicable to himself or to the general public of which he is a part."

The ordinance is not in conflict with the vagrancy statute but is ineffectual and invalid as an unreasonable restraint upon personal liberty.

Appellee's motion for rehearing is overruled.