ROBINSON v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY

COMPANY.

Opinion delivered November 9, 1908.

RAILROADS—LIEN—PARTIES.—Where a subcontractor has procured a judgment against the principal contractor for work done in constructing a railroad, he is entitled to enforce his lien against the railroad company in a suit to which the principal contractor is not a party.

Appeal from Baxter Chancery Court; *George T. Humphries*, Chancellor; reversed.

### STATEMENT BY THE COURT.

On the 24th day of December, 1903, A. E. Robinson brought this action in the Baxter Chancery Court against the St. Louis, Iron Mountain & Southern Railway Company to enforce his lien for labor performed upon the railroad of said company.

The White River Railway Company commenced the construction of a railroad that extended through Baxter County, Arkansas. On the 31st day of January, 1903, it conveyed all its property, including its right of way, to appellee company.

During the months of April and May, 1903, while the said railway company was constructing its line of railroad through Baxter County, Arkansas, its subcontractors, Piggot & Prebble, employed appellant to work on said railroad. His labor consisted in grading and leveling the road bed. He received time checks for his individual labor to the amount of $66.70. He also bought the time checks from other laborers to the amount of $106.03.

On the 1st day of July, 1903, he recovered judgment before a justice of the peace in Baxter County against Piggot & Prebble for both amounts, and no part of said judgment has been paid. The object of this action on the part of appellant is to enforce a lien on the railroad of appellee for the payment of said sum of $66.70 and accrued interest.

The chancellor found in favor of appellee, and a judgment was rendered in its favor for costs. The case is here regularly on appeal.

*W. S. Chastain,* for appellant.

1. Appellant's claim had already been established against Piggot & Prebble by the judgment of the justice of the peace. The chancery court ought to have given judgment in favor of appellant, declaring the amount of this judgment a lien on appellee's road. The only reason for making the primary debtor a party is for the purpose of establishing the debt against him so as to fix the amount thereof as a lien against the defendant's property. If this amount has been established by suit against the primary debtor, it is not essential that he be joined in the action to fix or declare the lien. 74 Ark. 531; 2 Col. App. 381; Kirby's Dig. § 3055; 33 Ark. 474.

2. If it were essential that the contractors be made parties, then, under the statute, it was the plain duty of the court to cause them to be brought in as parties. Kirby's Dig. § 6011; 41 Ark. 88; 33 Ark. 376; *id.* 328; 32 Ark. 297; 74 Ark. 54.

*Horton & South, J. E. Williams* and *T. M. Mehaffy,* for appellant.

1. In an action of this kind the sub-contractors, real debtors, are necessary parties. 74 Ark. 531. And the fact that appellant had sued Piggot & Prebble in a justice of the peace court did not dispense with the necessity of making them parties to this suit, since, if they had been brought in, they might have shown that that judgment had been satisfied or that some legal defense existed against it.

2. Appellant's request to make the sub-contractors parties to this action, after the hearing by the chancellor, came too late. To have granted it would have amounted virtually to the bringing of a new suit, which would have been barred by plaintiff's laches,

and equity refuses to enforce stale demands. Kirby's Dig. § 6662; 57 Ark. 142, 149, 150; 71 Ark. 209; 83 Ark. 154.

3. The decree is right on the whole case, and should be affirmed. 64 Ark. 237; 73 Ark. 419; 62 Ark. 228.

HART, J. (after stating the facts). The chancellor evidently proceeded upon the theory that Piggot & Prebble, the subcontractors, were necessary parties to the action, and that is the question presented to us for determination.

In the case of *St. Louis, Iron Mountain & S. Ry. Co.* v. *Love,* 74 Ark. 528, the court, in construing sections 6661 and 6663 Kirby's Digest, under which this action is brought, said:

"It is clear that, where a contractor or subcontractor is the primary debtor, the suit should be against him to establish the liability, and not against the railroad company primarily. They may both be joined in the suit, the contractor so that the debt may be established against him, and the railroad company so that the lien therefor may be adjudged against its property; but it does not follow that a personal judgment must be rendered against the contractor before a lien can be declared against a railroad company." See also *Luttrell* v. *Knoxville, L. & J. R. Co.,* 105 S. W. (Tenn.) 565 and cases cited.

In Jones on Liens, § 1303, the rule is stated as follows:

"A subcontractor who holds an open, unsettled, or disputed account against the principal contractor should obtain an adjudication of this before seeking to establish a lien against the owner, or at the same time that he seeks to do so. He should either obtain a judgment against the contractor before bringing an action to enforce the lien, or he should make the contractor a party to that action. The burden of ascertaining whether there is any defense to the action ought not to be put upon the owner of the property. He is not presumed to have any knowledge upon the subject. Further than this, if the contractor establishes his lien against the property, and the owner is compelled to pay it, he had recourse on the principal contractor. He ought to be furnished with an adjudicated claim, and not with a mere open account."

In the present case, the railroad company, which is the owner of the property sought to be reached by the lien, has been furnished with an adjudicated claim. The account between appel-

lant and the subcontractors became *res judicata* by the judgment of the justice of the peace, from which no appeal was. taken; and that is all that could have been acomplished by making the subcontractors parties to this action. Since the object in making the subcontractors parties to this· suit was to fix the liability of appellant against them, and since that had already been established by a judgment of a court of competent jurisdiction, we are of the opinion that the chancellor erred in not enforcing a lien against the railroad of appellee in favor of. appellant for the amount sued for, the undisputed evidence showing that it had not been paid.

The decree is therefore reversed, and the cause remanded with directions to enter a decree in acordance with this opinion.