CRADDOCK v. CITY OF SAN ANTONIO.
(No. 6010.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1917. Rehearing Denied Nov. 28, 1917.)

1. MUNICIPAL CORPORATIONS ⬗614—TRAFFIC REGULATION—AUTOMOBILES.
    San Antonio ordinance of August 27, 1917, regulating and licensing automobiles used for hire, other than jitneys, is not unconstitutional.

2. MUNICIPAL CORPORATIONS ⬗112(3)—SUBJECTS AND TITLES—MUNICIPAL ORDINANCES.
    The requirement that the title of an act shall embrace its subject does not apply to municipal ordinances.

3. MUNICIPAL CORPORATIONS ⬗614—TRAFFIC REGULATION—AUTOMOBILES—POWERS OF CITY.
    A municipal corporation has the same power of regulation over automobiles used for hire on special trips as over regularly licensed jitneys operated over fixed routes.

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. MUNICIPAL CORPORATIONS ☞114—ORDI-NANCES—AMENDMENT.

San Antonio ordinance of August 27, 1917, regulating automobiles used for hire, is not invalid as seeking to amend an ordinance by reference to its title.

5. MUNICIPAL CORPORATIONS ☞111(1)—ORDI-NANCES—ENACTMENT.

Such ordinance is not invalid for failure to state, either in the preamble or body, the existence of an emergency.

6. MUNICIPAL CORPORATIONS ☞592(3) — TRAFFIC REGULATION—AUTOMOBILES.

Such ordinance is not invalid as in conflict with the State Highway Department Act of 1917 (Acts 35th Leg. c. 190).

7. CONSTITUTIONAL LAW ☞267—DENIAL OF TRIAL BY JURY—TRAFFIC REGULATION.

Such ordinance is not invalid as depriving any person of the right of trial by jury.

8. MUNICIPAL CORPORATIONS ☞592(1) — TRAFFIC REGULATION—AUTOMOBILES.

Such ordinance is not in conflict with the Texas Employers' Liability Act (Acts 35th Leg. c. 103).

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Injunction by Frank Craddock, Jr., against the City of San Antonio. From interlocutory judgment denying the writ, petitioner appeals. Affirmed.

Chambers & Watson, of San Antonio, for appellant. R. J. McMillan, of San Antonio, for appellee.

FLY, C. J. This is an appeal from an interlocutory judgment denying an injunction sought to restrain the enforcement of a certain traffic ordinance enacted by the city of San Antonio. Appellant describes himself as being "engaged in the business of operating automobiles for hire, known as special car service" in the city of San Antonio, under an ordinance dated March 8, 1915; alleges that he had paid his license fee of $25, required by the ordinance, from June 1, 1917, to and including May 31, 1918; that on August 27, 1917, the board of commissioners of San Antonio had passed an ordinance or amendment by which it was "attempted to license automobiles for hire except such automobiles as may be used in local street transportation, as defined by an ordinance of the city approved March 8, 1915; that said ordinance attempts to prohibit this plaintiff and those similarly situated from operating automobiles for local street transportation, or to operate said automobiles as special car service within the limits of the city of San Antonio, Bexar county, Tex." The court granted a temporary restraining order, but, on hearing the application on the date fixed for the same, denied the temporary injunction.

The ordinance is assailed by appellant on 19 grounds, the main ones being as follows: In that it does not express the subjects contained in it in its title; in that it seeks to amend an ordinance by reference to its title; in that it fails to state an emergency in the preamble or body of the ordinance; in that it is in conflict with the State Highway Department Act passed by the Thirty-Fifth Legislature in 1917; in that it is obnoxious to the Fourteenth Amendment to the Constitution of the United States, in that the penalties and conditions required are different from the laws of the state; in that it is class legislation; "in that it deprives a party of the right of trial by jury" and because it was in conflict with the Texas Employers' Liability Act.

[1, 2] The ordinance is not unconstitutional. The provision as to acts expressing the subject in the title does not apply to municipal ordinances. Morris v. State, 62 Tex. 728; Dillon, Mun. Corp. §§ 72, 577; McQuillin, Mun. Corp. § 681.

[3-8] The ordinance of which complaint is made was passed for the purpose of regulating the use of the streets of the city by corporations or individuals with public service automobiles, not operating under the jitney ordinance, which prescribes the streets on which they shall or shall not operate, and is not open to any of the objections urged against it. The city seeks to regulate this class of automobiles just as it regulates the class known as jitneys, and it has the same right over its streets in connection with public service cars that transport passengers when and where they may choose, as it has over those whose routes are prescribed and licenses and bonds provided for. If the city can require a jitney to take out a license and give an indemnity bond, why should it not require the same or similar things of the public service cars? They are fully as dangerous, use the streets for a similar business, and no reason can be offered for not regulating their use of the streets that has not been given many times in connection with jitneys. The jitney transports its passengers along certain named streets of the city at a charge of five cents a passenger. The jitney is required to give a bond in a certain sum for the protection of those who ride upon it. This court has held, and perhaps every court of the Union, considering the question, has held, that cities under their charters have absolute control of their streets so far as the regulation thereof is concerned in connection with the operation of a private business. The service car has no more rights and privileges upon the streets than have jitneys, the rights and privileges of each depending upon grants made to them by the municipality in which they operate. A discussion of the rights and responsibilities of jitneys, therefore, meets the rights and responsibilities of service cars, and further consideration of the matter would not be productive of any good. Greene v. City of San Antonio, 178 S. W. 7; Peters v. City of San Antonio, 195 S. W. 989; Auto Trans. Co. v. City of Fort Worth, 182 S. W. 685; Le

Blanc v. New Orleans, 138 La. 243, 70 South. 212; Id., 139 La. 113, 71 South. 248; Memphis v. State, 133 Tenn. 83, 179 S. W. 631, L. R. A. 1916B, 1151, Ann. Cas. 1917C, 1056; State v. Howell, 85 Wash. 294, 147 Pac. 1159, Ann. Cas. 1916A, 1231.

The traffic laws enacted by the Thirty-Fifth Legislature not only did not attempt to interfere with the powers belonging to cities as to the regulation of traffic upon their streets, but it is specially provided in that law that it should not interfere with "the powers now or hereafter vested in local authorities to license and regulate the operation of vehicles offered to the public for hire." Gen. Laws 1917, pp. 474–485, § 23, subd. 2. Also in the law creating the "State Highway Department" it is provided that the license and registration prescribed therein shall "not affect the right of incorporated cities and towns to license and regulate the use of motor vehicles for hire in such corporation." Gen. Laws 1917, § 25, p. 426. The city ordinance clearly is not in conflict with the two laws mentioned, or any other law of the state.

There is no merit or equity in the petition, and the court properly refused the writ of injunction.

The judgment is affirmed.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes