Ex Parte Thereon Wright.

No. 4664. Decided December 12, 1917.

**1.—Speeding—City Charter and Ordinance—State Statute—Conflict— Repeal.**

Where the Act of the Legislature fixing the rate of speed at which automobiles might be run was applicable to the whole State and to all towns and municipal corporations therein, and that it was intended and had the effect to do away with a rate of speed of all such towns and cities, said ordinance was thereby repealed by implication, and the conviction thereunder can not be sustained, the repealing statute substituting no other penalty.

**2.—Same—Rule Stated—Statutes Construed.**

The rule is in this State that where prosecutions have been begun and even conviction secured, where the case is on appeal, no such repealed statute can be enforced, and, where, as in the instant case, the Act of the Legislature repealing such town ordinance had gone into full force and effect before the conviction of the relator in the County Court to which he appealed from the Corporation Court, the conviction could not be sustained, and relator is discharged from custody.

From Coleman County.

Original habeas corpus proceedings asking relief of relator from arrest under a conviction of an ordinance for speeding which had been repealed by the Act of the Legislature.

The opinion states the case.

*J. K. Baker,* for relator.—Cited Ex parte Brewer, 68 Texas Crim. Rep., 387, 152 S. W. Rep., 1068; Ex parte Farley, 65 Texas Crim. Rep., 405, 144 S. W. Rep., 530; Ex parte Patterson, 58 S. W. Rep., 1011.

*E. B. Hendricks,* Assistant Attorney General, and *Critz & Woodward,* for the State.—Cited Ex parte Henson, 49 Texas Crim. Rep., 177; Ex parte McHenry, 103 S. W. Rep., 390; Clark v. State, 46 Texas Crim. Rep., 566; Ex parte Cross, 44 id., 376.

PRENDERGAST, Judge.—The relator was convicted in the Mayor's Court of Santa Anna, in Coleman County, for violating a speed ordinance of said town. He appealed to the County Court, and was on July 3, 1917, again convicted and fined $5. He refused to pay the fine and was then taken in charge by the sheriff of said county, holding him under said conviction until he paid the fine and costs. He thereupon applied to this court for a writ of habeas corpus, which was granted and the cause regularly submitted in this court.

By the Act of 1907, page 192 (art. 815, P. C.), it was made an offense for anyone to drive or operate an automobile on any public road, street or driveway at a greater rate of speed than eighteen miles an hour, or upon any such road, street or driveway within the built-up portions of any city, town or village, the limits of which shall be fixed by a municipal officer thereof, at a greater rate of speed than eight miles an hour, except where such city or town may, by an ordinance or by-law, allow a greater rate of speed.

Before this prosecution began in the lower courts, Santa Anna, which was a town of only about 2000 inhabitants, had passed an ordinance making it unlawful and an offense for the owner, driver or operator of any automobile, etc., to run, drive or operate it along or over any of certain named streets at a greater rate of speed than twelve miles an hour. There are a large number of other provisions of said ordinance regulating the running of such machines, but it is unnecessary to state any of them. The said ordinance fixing the rate of speed at twelve miles an hour was doubtless under said article 815, P. C.; but whether it was or not does not affect the question to be decided herein.

As stated, said case against relator was tried in the County Court of Coleman County on July 3, 1917. At that time the Act of 1917, page 474 et seq., regulating the operation of motor vehicles, had gone into effect, but evidently the lower court and the attorneys engaged in said trial were not aware of that fact and were doubtless not aware of the provisions of said Act, as that law had not then been published.

By said Act, page 480, section 20, it is made an offense for any person to operate or drive a motor or other vehicle on any public highway where the territory contiguous thereto is closely built up, at a greater rate of speed than eighteen miles an hour, or in the business district of any town or incorporated city at a greater rate of speed than fifteen miles an hour in cities of less than 40,000 population, or at a

greater rate of speed than ten miles an hour in the business district of cities of more than 40,000 population.

Section 23 of said Act is: "Limitations as to the rate of speed herein fixed by this Act shall be exclusive of all other limitations fixed by any law of this State, or of any political subdivision thereof, and local authorities, cities and towns, shall have no power to pass, enforce or maintain any ordinances, rules or regulations in any way in conflict with or inconsistent with the provisions of this Act, and no such ordinance, rules or regulations of such local authorities now in force, or . hereafter enacted shall have any force. . . ." The remainder of that section makes certain exceptions. They in no way affect the question in this case and it is unnecessary to quote or state them.

It is evident and certain from the provisions of said Act that it was intended by the Legislature thereby to fix the rate of speed at which such automobiles might be run, applicable to the whole State and to all towns and municipal corporations therein; and that it was intended, and had the effect to do away with the rate of speed fixed by said article 815, P. C., and especially with reference to the rate of speed of all the incorporated cities and towns of the State. No other construction can legally be given to section 23. It is true that the word "repeal" is not used, but much stronger language is used, from which no other construction, as stated, can be placed upon section 23 than the repeal absolutely of any and all ordinances of any and all municipal corporations of the State prescribing any rate of speed other than specified in section 23. Section 40 provides: "The provisions of this Act defining certain offenses and prescribing penalties therefor shall be cumulative of all existing laws now in force relative to the subjects to which they relate." This section is not in conflict with section 23, nor with section 20, for what is made cumulative thereby is the *offenses and penalties prescribed by said Act of 1917* and not the rate of speed at which such vehicles can be run. By said section 40 and no other provision in said Act, is there any saving clause of prosecutions then pending, but, on the contrary, said section 23 makes it clear that none such was intended to be saved.

Article 16, P. C., provides that "the repeal of a law, where the repealing statute substitutes no other penalty will exempt from punishment all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute." Under this article it has repeatedly and uniformly been held that where prosecutions have been begun and even convictions secured, while the case is on appeal no such repealed statute can be enforced and the result is that the conviction must be held invalid. (See decisions noted in Vernon's Crim. Stats., p. 11.) But in this instance the Act of 1917 had gone into full force and effect before the conviction of the relator in the County Court. The result is that at the time of the relator's conviction in the County Court, the law authorizing it had been expressly repealed by the Legislature, and he was, therefore, convicted

upon a repealed statute or no statute existing at the time under which a prosecution could be maintained. There can, therefore, be no question but that relator is illegally restrained of his liberty and is entitled to be discharged therefrom.

Relator ordered discharged.

*Relator discharged.*