## EX PARTE A. S. PARR.

No. 4851.   Decided January 16, 1918.

**1.—City Charter and Ordinance—Constitutional Law—Automobiles.**

Where, under the special charter of the city of San Antonio, an ordinance was passed requiring all persons desiring license to operate automobiles for hire to make written application therefor, pay a license fee, and furnish bond or indemnity insurance in the total sum of $10,000 against injuries to persons or property through the negligent operation of such automobile by the licensee or his employe, the same was valid and constitutional, and relator, who was arrested thereunder, is remanded to custody.

**2.—Same—Constitutional Law—Title—Preamble.**

Where relator complained that the title and preamble of the ordinance are not in accord with article 3, section 36, of the Constitution, and is violative of

that article in its reference to another ordinance, the same is untenable as this article of the Constitution does not control the enactment of ordinances. Following Morris v. State, 62 Texas, 728, and other cases.

3.—Same—License Fee—Occupation Tax—Conflict of Law—State Highway Department.

The city ordinance of San Antonio, passed August 27, 1917, requiring all persons desiring license to operate automobiles for hire to pay a license fee, etc., is not an occupation tax, and is not in conflict with chapter 190 of the Acts of the Thirty-fifth Legislature, p. 425, creating the State Highway Department, etc. Following Brown v. City of Galveston, 97 Texas, 1.

4.—Same—Rule Stated—Police Power—Service Car.

When granted to the city government by the law-making power of the State, the license and reasonable regulation of vehicles upon the streets is a valid exercise of the police power.

5.—Same—Classification—Indemnity—Reasonable Regulation.

The ordinance of the city of San Antonio, with reference to all automobiles operated for hire, jitneys operating confined to particular routes in one ordinance, and service cars confined to no particular route in another, is not an improper classification and the requirement that they furnish security to indemnify persons suffering injury, etc. is valid.

6.—Same—Use of Streets—Classification—Rule Stated.

A distinction must be made between the general use, which all the public are permitted to make of the streets for ordinary purposes, and the special and particular use, which is made by classes of persons in pursuit of their occupation or business, such as hackmen, etc.

7.—Same—Rule Stated—Use of Streets—Public Highways.

The rule must be considered settled that no person can acquire a right to make a special or exceptional use of a public highway, not common to all the citizens of the State, except by grant from the sovereign power.

8.—Same—Constitutional Law—Police Regulations.

The fourteenth amendment of the Constitution of the United States does not destroy the power of the States to enact police regulations as to the subject within their control, and does not have the effect of creating a particular and personal right in the citizen to use public property in defiance of the Constitution and laws of the State.

9.—Same—Revocation of License—Estoppel.

The suggestion in the instant case that the ordinance is void by reason of the authority therein given to revoke the license is met with the view, that relator, not complaining of the revocation of the license, is not in position to raise the question.

10.—Same—Police Regulations—Automobiles—Indemnity.

The city of San Antonio having authority by its special charter to pass reasonable regulations governing automobiles operated upon its streets for hire, the ordinance passed thereunder, August 27, 1917, requiring all persons desiring license to operate automobiles for hire to pay a license fee and furnish bond or indemnity insurance is reasonable. Following Ex parte Vance, 42 Texas Crim. Rep., 619, and other cases.

11.—Same—Rule Stated—Agreement of Facts—Presumption.

Where the agreement of the parties filed sets out no fact except that relator is operating his service car for hire in defiance of the ordinance, on the theory

that it is void on its face, and in absence of any other evidence attacking it, the presumption is that the provisions of the ordinance are reasonable; that the license fee is not unduly onerous, nor that the requirement of indemnity is so difficult to comply with as to be unreasonable. Following Craddcck v. City of San Antonio, 198 S. W. Rep., 634, and other cases.

From Bexar County.

Original habeas corpus proceedings asking release from arrest under a city ordinance requiring the payment of a license fee, etc.

The opinion states the case.

*Chambers & Watson*, for relator.—On question that the Constitution of Texas applies to all departments of government: Womack v. Garner, 30 S. W. Rep., 589; Brown v. State, 57 Texas Crim. Rep., 269, 122 S. W. Rep., 565; Snyder v. Compton, 28 S. W. Rep., 1061; Clark v. Finley, 54 id., 343; Denton v. State, 76 Texas Crim. Rep., 58, 172 S. W. Rep., 796.

On question of distinction between service car and jitney: Auto Transit Co. v. City of Fort Worth, 182 S. W. Rep., 685; Ex parte Bogle, 78 Texas Crim. Rep., 1, 179 S. W. Rep., 1198; Ex parte Sullivan, 77 Texas Crim. Rep., 72, 178 S. W. Rep., 537; Greene v. City of San Antonio, 178 S. W. Rep., 6.

On question of revocation of license: Holden v. Hardy, 169 U. S., 366; M., K. & T. Ry. Co. v. Haber, 169 U. S., 613; Yick Wo v. Hopkins, 118 U. S., 356.

*H. P. McMillan*, for respondent.—Cited Peters v. City of San Antonio, 195 S. W. Rep., 989, and cases cited in opinion.

*E. B. Hendricks*, Assistant Attorney General, for the State.

MORROW, JUDGE.—The city of San Antonio is incorporated under a special Act of the Legislature, subsequently amended under the provisions of the Act of the Thirty-third Legislature, page 307, known as the Enabling Act, touching the so-called home rule amendment to the Constitution, which Act is chapter 17, title 22, Vernon's Sayles' Civil Statutes. The charter contains numerous provisions giving broad powers touching police regulations, and in section 99 specific authority is given to "regulate, inspect and license all occupations when necessary or proper for the good order, public health, public safety or general regulation of the city, and charge license and inspection fees therefor, and such fees shall not be construed as occupation taxes."

The Act of the Thirty-third Legislature, supra, under which the charter was amended, also contains provisions defining the power of cities acting thereunder, among which provisions is the following: "To license, operate and control the operation of all character of vehicles used on public streets, including motorcycles, automobiles and like vehicles." "To regulate, license and fix the charges of fares made by

any person owning, operating or controlling any vehicle of any character used for the purpose of carrying passengers for hire."

On the 27th of August, 1917, the city of San Antonio passed an ordinance requiring all persons desiring license to operate automobiles for hire, to make written application therefor, pay a license fee, and furnish bond or indemnity insurance in the total sum of ten thousand dollars against injuries to persons or property through the negligent operation of such automobiles by the licensee or his employe.

Relator is held under a complaint charging a violation of the provisions of this ordinance, and there is filed in the case a written admission by the relator stating, in substance, that he was engaged in operating an automobile for hire upon the public streets of San Antonio without complying with the requirements of the ordinance, and further stipulating that unless the ordinance is void his restraint was legal. He seeks his discharge upon original application for writ of habeas corpus to this court, making various contentions as to the invalidity of the ordinance, which specifications are too numerous to discuss in detail, but which, in the main, assert that the ordinance is an unauthorized and unreasonable police regulation. Aside from the want of authority to pass the ordinance, he complains that the title and preamble of the ordinance are not in accord with article 3, section 36, of the Constitution, and that it is violative of that article in its reference to another ordinance. This contention is based on the incorrect assumption that the article of the Constitution mentioned controls the enactment of ordinances. Morris v. State, 62 Texas, 728; Dillon on Municipal Corporations, secs. 72 and 577; Craddock v. City of San Antonio, 198 S. W. Rep., 634. Particular objection is made to the provision of the ordinance requiring a license fee, upon the ground that it is an occupation tax, and further, that it is in conflict with chapter 190 of the Acts of the Thirty-fifth Legislature, page 425, creating the State Highway Department, and assuming control of the operation of motor vehicles. Touching the point that the license fee is an unauthorized occupation tax, we refer to the decision of the Supreme Court of Texas in the case of Brown v. City of Galveston, 97 Texas, 1, wherein the question involved is determined contrary to the view of relator. And with reference to the conflict with the State law, it appears that section 25 of the Act mentioned contains the following: "But this provision shall not affect the right of incorporated cities and towns to license and regulate the use of motor vehicles for hire in such corporation." Similar authority is reserved in the city in another Act of the same Legislature, chapter 207, page 481, section 23. When granted to the city government by the law-making power of the State, the license and reasonable regulation of vehicles upon the streets is a valid exercise of the police power. 28 Cyc., 731; Dillon on Mun. Corp., sec. 1166; Lawson v. Connolly, 45 L. R. A. (N. S.), 1152.

Numerous instances of the exercise of this power upon various kinds

of vehicles are to be found in the reports. As to its operation upon stages, see 28 Cyc., 765; omnibuses, 28 Cyc., 731 and 910; vehicles carrying advertisements, Fifth Ave. Coach Co. v. New York, 221 U. S., 467; hacks, Kissinger v. Hay, 52 Texas Civ. App., 295, 113 S. W. Rep., 1005; Ex parte Battis, 40 Texas Crim. Rep., 112; market wagons, Wade v. Nunnelly, 19 Texas Civ. App., 256; carriages, Venenan v. Jones, 10 Am. St. Rep., 100; Combs v. Lakewood, 53 Atl. Rep., 697; Ex parte Vance, 42 Texas Crim. Rep., 619; wagons, State v. Boardman, 46 L. R. A., 750; automobiles, 188 Mass., 79, 108 Am. St. Rep., 464. The validity of ordinances requiring license of vehicles has often been upheld. Tomlinson v. Indianapolis, 144 Ind., 142; Gartside v. East St. Louis, 47 Ill., 47; St. Louis v. Green, 70 Mo., 562; Commonwealth v. Stodder, 48 Am. Dec., 679, in connection with which see notes under American Decisions, vol. 7, p. 454, and cases cited; Ex parte Counts, 153 Pac. Rep., 93; Memphis v. State, L. R. A., 1916B, and note citing cases, p. 1157

It appears that the ordinances of San Antonio have regulations similar to those contained in the ordinance in question with reference to all automobiles operated for hire, jitneys operating confined to particular routes in one ordinance, and service cars confined to no particular route in another. There is nothing pointed out which indicates an improper classification. Ruling Case Law, vol. 6, p. 397, and notes under secs. 393 and 395. The requirement that persons operating motor vehicles upon the street for hire furnish security to idemnify persons suffering injury by reason of the misuse of the license to use the streets through his negligent conduct of his business, has been approved in a number of instances. Ex parte Cardinal, 150 Pac. Rep., 348; L. R. A., 1915B, p. 850, and cases cited in note; Memphis v. State, L. R. A., 1916B, p. 1151, and cases cited in opinion and note; Willis v. City of Fort Smith, 182 S. W. Rep., 275; Le Blanc v. New Orleans, 70 So. Rep., 212; Dickey v. Davis, L. R. A., 1915F, p. 840, wherein the following authorities are quoted:

"A distinction must be made between the general use, which all the public are permitted to make of the streets for ordinary purposes, and the special and peculiar use, which is made by classes of persons in the pursuit of their occupation or business, such as hackmen, drivers of express wagons, omnibuses, etc." Tiedeman, Mun. Corp., sec. 299.

"The rule must be considered settled that no person can acquire a right to make a special or exceptional use of a public highway, not common to all the citizens of the State, except by grant from the sovereign power." Jersey City Gas Co. v. Dwight, 29 N. J. Eq., 242; McQuillan, Mun. Corp., 1620.

"'The Fourteenth Amendment of the Constitution of the United States does not destroy the power of the States to enact police regulations as to the subjects within their control, . . . and does not

have the effect of creating a particular and personal right in the citizen to use public property in defiance of the Constitution and laws of the State.' Davis v. Massachusetts, 167 U. S., 43, 47, 42 L. Ed., 71, 17 Sup. Ct. Rep., 731, 733."

The suggestion that the ordinance is void by reason of the authority therein given to revoke the license might be met with the view that relator, not complaining of the revocation of the license, is not in position to raise the question. Kissinger v. Hay, 113 S. W. Rep., 1008. Granting that we are called upon to pass upon the point, we think it is not well taken. Fischer v. St. Louis, 194 U. S., 361; 48 L. Ed., 1018; Davis v. Massachusetts, 167 U. S., 43, 42 L. Ed., 31; Wilson v. Eureka, 173 U. S., 32, 43 L. Ed., 605.

The city of San Antonio having authority to pass reasonable regulations governing automobiles operated upon its streets for hire, we would not be authorized to declare its provisions unreasoable unless it clearly appeared that they were so. Ex parte Vance, 42 Texas Crim. Rep., 619; Ex parte Battis, 40 Texas Crim. Rep., 112; Ruling Case Law, vol. 6, p. 244, and cases cited in notes. We discern nothing in the indemnity obligation required which would condemn the ordinance as unreasonable. It creates no liability against the operators of automobiles for hire, but simply provides a limited security for the satisfaction of liabilities that may be incurred by the negligence of the licensee or those operating the automobile for him. The tendency of such a provision manifestly is to protect the citizens of the city using the streets in the ordinary way by stimulating caution on the part of those operating the vehicle. The cases cited above are mainly from other States. They are not different in principle, however, from those in our own State construing ordinances regulating jitneys, among which are Greene v. City of San Antonio, 178 S. W. Rep., 6; Porter v. City of San Antonio, 195 S. W. Rep., 889; Auto Transit Co. v. Fort Worth, 182 S. W. Rep., 685; Ex parte Bogle, 78 Texas Crim. Rep., 1, 179, S. W. Rep., 1193; Ex parte Sullivan, 77 Texas Crim. Rep., 72, 178 S. W. Rep., 537. In these cases the ordinances have been upheld. The dissenting opinion in Ex parte Sullivan is apparently based upon evidence showing a state of facts somewhat different from that involved in the present record. In the instant case there are no facts shown indicating that there is an unfair classification. All motor vehicles operated for hire are, as above stated, under similar regulations in the city of San Antonio. Nor is it apparent from the record that the license fee is unduly onerous, nor that the requirement of indemnity is so difficult to comply with as to be unreasonable, nor that the terms of the indemnity are not reasonable. The presumption that they are reasonable is not rebutted upon the face of the ordinance, nor by evidence attacking it. In fact, there is only pleading but no evidence. Ex parte Clark, 198 S. W. Rep., 955, and cases cited. The agreement filed

sets out no fact except that the relator is operating his service car for hire in defiance of the ordinance on the theory that it is void on its face. It was held valid in Craddock v. City of San Antonio, 198 S. W. Rep., 634, in a lucid opinion written by Chief Justice Fly. The inaccuracy of his conclusion is not apparent.

The application for writ of habeas corpus is dismissed.

*Dismissed.*