## Ex Parte T. F. Curry.

No. 7733. Decided November 14, 1923.

**Habeas Corpus—City Charter and Ordinance.**

Where the validity of the ordinance was challenged upon the ground that its enactment was not within the power of the municipal government for the reason that it was in conflict with the State law upon the subject with reference to the speed limit of motor vehicles, and this contention was sustained by the record, the ordinance must be held void, and the relator discharged. Distinguishing Ex parte Slaughter, 243 S. W. Rep., 478. Following Ex parte Parr, 82 Texas Crim. Rep., 528, and other cases. See, however, Act of the Thirty-eighth Legislature, amending the speed law.

From Bexar County.

Original application for writ of *habeas corpus.* For violating speed ordinance.

The opinion states the case.

*Leonard Brown* for relator. Cited, cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—By way of original application for writ of *habeas corpus,* relator seeks release from restraint under a a judgment assessing against him a fine of fifty dollars for violation of an ordinance of the city of San Antonio enacted November 9, 1922, which reads thus:

"*SECTION THREE*: It shall be unlawful for any person or persons to operate any automobile, motorcycle or other vehicle upon any street, avenue, boulevard, roadway or alley within the corporate limits of the City of San Antonio and outside of the limits of the downtown business district provided for in section one of this ordinance, at a greater rate of speed than twenty miles per hour."

The validity of this ordinance is challenged upon the ground that its enactment was not within the power of the municipal government for the reason that it is in conflict with the State law upon the subject, particularly, with Section 20 of Chapter 207 of the Acts of the Thirty-fifth Legislature, in which the speed limit for motor vehicles on the highway is fixed at a rate not to exceed twenty-five miles per hour, except upon parts of the highway "where the territory contiguous thereto is closely built up" and in the business district of any town or incorporated city. Section 23 of Chap. 207, *supra,* in part reads thus:

"Limitations as to the rate of speed herein fixed by this Act shall be exclusive of all other limitations fixed by any law of this State or of any political subdivision thereof and local authorities, cities and towns shall have no power to pass, enforce or maintain any ordinances, rules or regulations in any way in conflict with or inconsistent with the provisions of this Act, and no such ordinance, rules or regulations of such local authorities now in force, or hereinafter enacted, shall have any force, * * *."

It is insisted by counsel for the State that Sections 20 and 23, *supra,* were rendered inoperative as shown by the previous decisions of this court. Ex parte Slaughter, 243 S. W. Rep., 478, is to the effect that the term "closely built up" was, under Article 6 of the Penal Code, so indefinite as to render that particular part of the law invalid. Sec-

tion 20, in which the words mentioned are contained, referring to the use of the public highways, says:

"*   *   * ` that it shall be unlawful to drive at a rate of speed in excess of twenty-five miles per hour; and provided further, that in any event no person shall operate or drive a motor or other vehicle on any public highway *where the territory contiguous thereto is closely built up,* at a greater rate of speed than eighteen miles per hour."

The effect of the decision in Slaughter v. State, *supra,* was not, in our judgment, to render the entire Act nor the entire section invalid, but operates merely to eliminate that provision which is italicized and which is directly controlled by the words, "closely built up." Section 23, which manifests an express intention of the Legislature to assume the control and authority of fixing the speed limit of motor vehicles upon a highway, both in and out of incorporated cities, was not vitiated by the particular provision held invalid in the Slaughter case, *supra.* The effective status of Section 23 has frequently been recognized. See Ex parte Wright, 82 Texas Crim. Rep., 247, 199 S. W. Rep. 486; Ex parte Parr, 82 Texas Crim. Rep., 528. Other provisions of the same chapter have been considered. Some have been held inoperative; others effective. But in no instance has the chapter been condemned by reason of defects in parts of it. See Griffin v. State, 86 Texas Crim. Rep., 498; Russell v. State, 88 Texas Crim. Rep., 512; Scott v. State, 90 Texas Crim. Rep., 101; Stalling v. State, 90 Texas Crim. Rep., 310; Goforth v. State, 92 Texas Crim. Rep., 201, and other cases.

The importance of the question under consideration is minimized by the passage of Chap. 155 of the Acts of the Thirty-eighth Legislature, in which Sec. 20, *supra,* was amended, so that by the State law, the speed limit for motor vehicles is fixed at not to exceed thirty-five miles per hour on the public highway, and not to exceed twenty miles per hour in any incorporated city. At the time of the enactment of the ordinance in question, it was unlawful under the State law for any person to drive an automobile on the public highway in or out of an incorporated city at more than twenty-five miles per hour, or in the business district of any incorporated town or city at a rate exceeding fifteen miles per hour, or ten miles per hour, according to the class of the city.

The ordinance in question, fixing the speed limit in the City of San Antonio at twenty miles per hour, being in conflict with the State law in force at that time was invalid and incapable of supporting the conviction of the relator. His discharge is therefore ordered.

*Relator discharged.*