Opinion delivered June 1, 1887.

No. 5259.

WILLIAM SPARKS *v.* THE STATE.

1. MISDEMEANORS—CHARGE OF THE COURT.—Trial courts are not required to charge the jury in misdemeanor cases, except when requested to do so by one or both sides of the cause; and even then they can be required only to give, with or without modification, or to refuse such charges as are requested in writing.   The refusal of a special charge does not impose upon the court the duty of giving an independent charge.

2. SAME.—Special charges which respond to no issue raised by the evidence are correctly refused.

3. SAME—" WILLFUL."—Refusal of the trial court in a misdemeanor case to instruct the jury as to the legal meaning of the word "willful," when that word is used to characterize the offense, and a correct instruction is requested in writing, is error.

APPEAL from the County Court of McLennan.   Tried below before the Hon. W. W. Evans, County Judge.

The conviction was for the willful maiming and wounding of a cow, and the penalty assessed was a fine of ten dollars.

By two witnesses, one of them being the owner of the injured cow, the State proved that defendant notified the said owner

that he had shot the cow, and warned her that, if the cow again trespassed upon his field, he would kill her. Another witness testified that he saw the defendant drive the cow from his field, and shoot her after she had gained the highway outside of the field. All of the witnesses testified that the cow was not a breachy animal, and that the defendant's was not a sufficient and legal fence.

*Clark, Dyer & Bolinger*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge. Appellant has been convicted under Article 680 of the Penal Code, upon an information charging him with unlawfully and willfully maiming and wounding a cow.

After the evidence in the case was adduced, appellant's counsel presented written instructions to the court, with the request that they be given in charge to the jury as the law of the case. This the court refused, and the court furthermore refused and declined to give any charge whatsoever to the jury. To this action of the court a bill of exceptions was reserved, and it is insisted that it was the duty of the court, under the circumstances, to have given a written charge.

It is provided by statute that "in criminal actions for misdemeanors the court is not required to charge the jury except at the request of the counsel on either side; but, when so requested, shall give or refuse such charges, with or or without modification, as are asked in writing." (Code Crim. Proc., art. 681.)

This statute does not make it obligatory upon the court to prepare and give a written charge when requested to do so by the parties, but only requires the court to give or refuse such charges as are asked in writing. If charges are asked in writing the court shall give or refuse them, with or without modfiication. But, if the court refuses such as are asked, it is not required to supplement them by any charges of its own; it may still, if it desires, decline to give any written charge in the case. In misdemeanors, the object and policy of the law seems to be to relieve the court of the burden and necessity of giving charges, unless the parties deem it necessary that such instructions as they may prepare in writing should be given. Such as are thus prepared may or may not be given. The court should not give

instructions which it does not believe to be the law, and it is not even required to modify such charges, but may refuse them absolutely. In the case in hand the court refused all the instructions asked by defendant, and defendant objected to the giving of a verbal charge.

Defendant's third special instruction, defining the legal meaning of the word "willful," was unquestionably correct; the other instructions were not applicable to the facts proved. It was not proved that the cow was breachy, and in the habit of, nor that she was in the act of, trespassing upon defendant's crops, when shot; it was not proved that she was shot in defendant's enclosure, though it is proved that his fence was insufficient to protect his crop. This case does not come within the rule announced in Reedy v. The State, 22 Texas Court of Appeals, 271, nor is it analogous to any of the cases therein cited.

The first, second and fourth instructions not being the law as applicable to the case, were properly refused by the court. The question, and only question, is, did the court err in refusing to give the third instruction which was both legal and applicable? As asked, the instructions were in separate paragraphs, and this third instruction could and should have been passed upon separately from and without reference to the others. Presenting, as it did, a correct and essential principle of law with reference to this character of cases, and the rule being that in cases where the word *willful* is made to characterize the offense, its legal import should be explained in a charge where a charge is given, we are of opinion that it was error to refuse it. For this the judgment is reversed and the cause remanded.

*Reversed and remanded.*