ETTA HODNETT v. THE STATE.

No. 6621.  Decided November 8, 1922.

**1.—Keeping a Disorderly House—Charge of Court—Requested Charge.**

Where the defendant was charged with being the owner and tenant of a certain house which she kept for prostitution, and the court in his charge in applying the law to the facts entirely ignored this allegation, and authorized the conviction, if the jury found defendant was the keeper of the house only, and this after a proper charge had been requested and refused, the same is reversible error.   Following Lamar v. State, 30 Texas Crim. App., 693, and other cases.

**2.—Same—Punishment—Continuing Offense.**

Where the indictment alleged only one date and the jury were instructed if they found defendant guilty, to assess her punishment at a fine of $200 and by confinement in the county jail for a period of 20 days for each day she kept said house and the jury found a punishment for three days' violation, the same was reversible error.   Following Hall v. State, 32 Texas Crim. Rep., 474.

Appeal from the County Court of Eastland.   Tried below before the Hon. Joe H. Jones.

Appeal from a conviction of keeping a disorderly house; penalty, $600 and 60 days confinement in the county jail.

The opinion states the case.

*Alexander & Baldwin,* for appellant.—Cited: Sparks v. State, 5 S W. Rep., 135; Bradford v. State, 9 id., 46.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for keeping a disorderly house. Punishment, fine of $600 and sixty days in jail.

There are three counts in the indictment.   The court submitted the case on the third count only.   It alleged that on January 3, 1921 appellant was the *owner* and *tenant* of a certain house which she kept for prostitution.   As provided in Article 500, P. C. the jury were properly told that "any person who shall  .  .  .  keep  .  .  .  a disorderly house in any house  .  .  .  owned, leased, occupied or controlled by him" should be guilty; but when application of the law was made, the court entirely ignored the allegation that accused

was the *owner* or *tenant,* and authorized a conviction if the jury found appellant was the "keeper" of the house only. Appellant undertook to correct the error by a requested charge as follows:

"You are instructed that the burden of proof to show that the defendant is the owner or tenant of the house in question is upon the State, and this proof must be made by the State beyond a reasonable doubt, and unless you so believe you will acquit the defendant."

The court declined to give the charge as requested, but over appellant's protest changed it by inserting after the word tenant the words "or keeper," which left the jury free to convict if they found she was the "owner, or tenant or keeper." The trial judge should not have changed the charge as presented over appellant's objection. Art. 737, C. C. P.; Sparks v. State, 5 S. W. Rep., 135; Bradford v. State, 9 S. W. Rep., 46. As modified and given it did not cure the error in the main charge, but emphasized it. The State was required to and did allege, and therefore, must prove, that the accused party was the owner, or tenant. Lamar v. State, 30 Texas Crim. App., 693; Chadwick v. State, 86 Texas Crim. Rep., 269, 216 S. W. Rep., 397; Goosby v. State, 80 Texas Crim. Rep., 136, 189 S. W. Rep., 143.

After having selected and submitted a count in the indictment which alleged only one date, viz, January 3d, the jury were told if they found appellant guilty to "assess her punishment at a fine of two hundred dollars and by confinement in the county jail for a period of twenty days *for each day* she kept" such house. The verdict shows the jury fixed the punishment on a basis of three days violation. The charge of the court as to the penalty was unauthorized under the count of the indictment submitted, and the verdict and judgment not responsive thereto. Keeping a disorderly house is a continuing offense. The State may allege one date, and secure one conviction with penalty for one day's violation; or "where a conviction is desired for each day, the pleader may allege the different days in separate counts in the same indictment, and obtain a conviction upon each count upon the same trial, if the proof sustain the allegations." Hall v. State, 32 Texas Crim. Rep., 474.

Many other questions are presented in the record not likely to arise in the same form on another trial, and a discussion is pretermitted.

For the errors pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*