## CLIFTON BREWER v. THE STATE.

No. 11859.   Delivered January 8, 1930.
Rehearing denied State February 12, 1930.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction for violating a city ordinance; punishment, a fine of $125.00.

Sec. 5, Art. 11, of our Constitution and Art. 1165, R. C. S., 1925, prohibit the enactment of any ordinance by any city when such ordinance contains provisions inconsistent with the Constitution or general laws of the state.   One ordinance which appellant is charged with violating reads as follows:

"It shall be unlawful for a male person over the age of fourteen years to have sexual intercourse with a female person eighteen years of age or over, other than his lawful wife, within the corporate limits of Wichita Falls, Texas."

The penalty provided is a fine of not less than ten dollars nor more than two hundred dollars.   The contention is made that the provisions of the ordinance are inconsistent with the provisions of our statutes defining adultery and fornication.   We are of the

opinion that such contention must be sustained. Art. 499 P. C. provides:

" 'Adultery' is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, of a man and woman when either is lawfully married to some other person."

Art. 503 P. C. provides:

" 'Fornication' is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, or a man and woman, both being unmarried."

The punishment for adultery is a fine of not less than one hundred nor more than one thousand dollars, and for fornication not less than fifty nor more than five hundred dollars.

It is well settled that a city ordinance must yield when it is in such conflict with the state law as that both cannot stand. Branch's Ann. P. C. of Texas, sec. 416, page 224, and authorities cited. If the act or omission covered by the city ordinance is a penal offense under the state law a city ordinance which prescribes a greater or less penalty than the state law is invalid. Branch, supra. The subject covered by the city ordinance and Arts. 499 and 503, supra, is that of unlawful relation. Under the state law the act becomes unlawful when habitually indulged in, or when the parties live together and indulge in the act. Under the ordinance one act is unlawful if the male is over the age of fourteen and the female is eighteen or over. The penalty provided in the city ordinance differs from that prescribed in the state law. The same subject—that is, unlawful sexual intercourse—is covered by both the ordinance and state statutes. The conditions under which the act becomes unlawful and punishable are not the same under the ordinances and statutes, and the penalties differ. Hence it follows, we think, that the provisions of the ordinance are inconsistent with those of the state law and cannot be sustained.

In the second count of the complaint it is charged that appellant entered a building for the purpose of having sexual intercourse with a certain woman named. This phase of the ordinance is also deemed in conflict with the state law upon the same subject. The second phase, however, in the opinion of the writer, cannot be classified as a punishable criminal act as it constitutes merely an intent to do some act. The entering of a house with a certain intention in mind is not such description of an offense as meets the law's demand. The offense as charged would be committed by the entrance

of any house, although the intended female was not present, provided the accused carry in his mind the intent that at some time or at some place to engage in carnal intercourse with her. Both phases of the offense charged seem invalid for the reason that they are not embraced within any express or implied powers in the charter of the city of Wichita Falls which we understand exists under the Home Rule Amendment to the Constitution. The enumerated powers are contained in Art. 1175 of the Rev. Civ. Statutes. The general provisions in Art. 1176, of the Rev. Civ. Statutes, to the effect that the enumeration shall not preclude the exercise of other powers which exist by implication or otherwise, is not regarded as authority for the exercise of the power in question. There is implied the right to exercise powers only which are incident to those expressly granted. See Ruling Case Law, Vol. 19, p. 768, sec. 75, where it is stated:

"It is well settled that a municipal corporation has only such powers as are clearly and unmistakably granted to it by its charter or by other acts of the legislature, and consequently can exercise no powers not expressly granted to it, except those which are necessarily implied or incident to the powers expressly granted and those which are indispensable to the declared objects and purposes of the corporation."

The exercise of what is known as the police power is not an inherent attribute of a municipal corporation so we understand. See Ruling Case Law, Vol. 19, page 800, sec. 108. Such phases of the police power as a municipal corporation may exercise must come from the legislative grant. See Ruling Case Law, Vol. 19, page 798, sec. 106. In this state the police power authorized in the enabling act is in subdivision 34 of Art. 1175 of the Rev. Civ. Statutes, and reads thus:

"To enforce all ordinances necessary to protect health, life and property, and to prevent and summarily abate and remove all nuisances and to preserve and enforce the good government, order and security of the city and its inhabitants."

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution dismissed.*

### ON STATE'S MOTION FOR REHEARING.

MORROW, Presiding Judge.—After consideration of the motion for rehearing filed by the appellee, we are constrained to adhere to the conclusions stated in the original opinion, namely:

That the act described in the first count of the complaint is one embraced within a field of legislation occupied by the State and is therefore not within the scope of the municipal legislation. In other words, it is in conflict with Arts. 499 and 503, P. C., 1925, as suggested in the majority opinion heretofore handed down.

That the act set forth in the second count of the complaint is likewise deemed an encroachment upon a field of legislation occupied by the State and is not punishable for the additional reason that it seeks to penalize one for a state of mind rather than for an overt act.

In view of the conclusions of the court in the two particulars above stated, it may have been unnecessary to have embraced in the original opinion the announcement there made touching the general unenumerated powers of the city government. The declaration made in the original opinion upon the subject last mentioned is intended to be limited to the particular facts which the court was called upon to review; that is to say, that the nature of the acts themselves and their embracement in the state law governing the same general subject exempt them from the operation of the municipal legislation.

The motion for rehearing is overruled.

*Overruled.*

### DISSENTING OPINION.

LATTIMORE, JUDGE.—Appellant was convicted for violation of two city ordinances, first in the corporation court of the city of Wichita Falls, and thereafter upon appeal in the county court at law of Wichita county.

There were two counts in the complaint which charged different offenses. This is permitted in misdemeanor cases. Alexander v. State, 27 Texas Crim. App. 533; Tucker v. State, 65 Texas Crim. Rep. 627; Williams v. State, 89 Texas Crim. Rep. 560. The verdict and judgment were general, a punishment applicable under either count being assessed. This was also allowable. Hall v. State, 32 Texas Crim. Rep. 474; Scales v. State, 46 Texas Crim. Rep. 301; Day v. State, 62 Texas Crim. Rep. 527; Gould v. State, 66 Texas Crim. Rep. 423; Sanders v. State, 70 Texas Crim. Rep. 209; Blackwell v. State, 92 Texas Crim. Rep. 473; Hodnett v. State, 92 Texas Crim. Rep. 564.

It is the duty of this court in any event to uphold the judgment of a trial court, upon a proposition such as is before us, if either count

be sufficient under the law to support the verdict and judgment rendered. The first count 'herein charged appellant with a single act of intercourse with a woman named, this being made penal by the ordinance of the city of Wichita Falls under certain conditions relating to the age of the parties. If it should be conceded here that said count can not be upheld because of the fact that the ordinance mentioned is deemed in conflict with our State laws defining and punishing adultery and fornication,—a proposition with which the writer is not in accord, being of opinion that a single act of intercourse between a man and a woman not married to each other, and not living together, is not an indictable offense under any State law known to him, and that therefore an ordinance making same a penal offense is not in conflict with any law of this State,—still it can not be contended that the ordinance under which the other count of the complaint was drawn, and of which offense appellant was also found guilty, viz: that of entering a building in said city for the purpose of engaging in an act of adultery with a woman named, is in conflict with any law of this State; hence the verdict and judgment in the case could be applied to this count and upheld. A similar ordinance was upheld In re Johnson, 73 Cal. 142.

The only limitation or inhibition upon or against the power of the city of Wichita Falls to enact such ordinances as its governing body or its people may deem a proper exercise of the police power is found in the Home Rule Amendment to our Constitution which prohibits the enactment of any ordinance by any city operating thereunder which contains provisions inconsistent with any general law of this State; and the permission granted in Art. 962 of our Revised Civil Statutes of 1925 to all incorporated cities and towns in this State to "Ordain and establish such acts, laws, regulations and ordinances, not inconsistent with the Constitution and laws of this State, as shall be needful for the government, interest, welfare and good order of said body politic." In 1 Abbott Mun. Corp., p. 244, the author says: "The good morals of the community should be an especial care of the public authorities, and all regulations and laws passed by the proper authorities, looking to this end, come within a valid exercise of the police power." It is need-less for the writer to remark that all civilized nations have always legislated against immoral intercourse. By a single forbidden act the moral law against such crimes, is effectually broken. If we may legally punish him who aids, advises or encourages another to commit crime, or him who furnishes arms, means, etc., no reason is

perceived why we may not punish him who enters a building purposing to engage in the act forbidden by all our laws. My Brethren are of opinion that entering a house with a certain intention in mind, "Is not such description of an offense as meets the law's demands." If it is proper to punish him who in certain ways enters a house with intent to rape or steal, as is the case under all our burglary statutes, then there can be no doubt of the power to punish him who enters such house with intent to have wrongful carnal knowledge of a woman. I have the utmost respect for the views of my Brothers, but am not able to agree that same are correct in regard to either ordinance herein. I respectfully record my dissent.