## CITY OF SWEETWATER v. FOSTER.
### No. 786.

Court of Civil Appeals of Texas. Eastland.
March 20, 1931.

Dabney, Goggans & Ritchie, of Dallas, Earl Earp and Jas. H. Beall, Jr., both of Sweetwater, for appellant.

Hamner & Ponder, of Sweetwater, for appellee.

LESLIE, J.

The plaintiff, city of Sweetwater, "suing for the use and benefit of the West Texas Construction Company, a corporation," instituted this suit against the defendant, J. B. Foster, to recover the principal, interest, and attorney's fees upon a paving certificate issued by the city of Sweetwater to said company for paving done by it in front of property belonging to the defendant in said city. The improvement was made in accordance with the city charter, the ordinances, and the contract for the same between the city and the construction company. The defendant, Foster, filed plea in abatement, which was answered in detail by the plaintiff, and, upon full hearing, the trial court sustained the plea and dismissed the suit. From that judgment the plaintiff appeals. Omitting formal parts, the defendant sought to abate the suit on the following grounds:

"1. Because said City of Sweetwater does not now, nor did it when this suit was filed, have any right, title, interest, claim or demand, either legal or equitable, in the cause of action sued upon; but as appears from plaintiff's petition herein filed, it issued certificates evidencing the cause of action sued on and the indebtedness sued for, which were and are payable to the West Texas Construction Company, and that said West Texas Construction Company was, at the time this suit was filed, and is now, both the legal and equitable owner and holder of said certificates and the indebtedness herein sued for, and said West Texas Construction Company is a corporation and is not an infant, minor or insane person, and there are no reasons alleged why the City of Sweetwater is a proper party to this suit.

"2. The contract under which the certificates were issued, and which is alleged to have been made by virtue of an ordinance duly passed and adopted December 10th, 1925, which said ordinance constitutes the contract under which this indebtedness arose, if at all, specially provides: 'The City of Sweetwater shall not be in any manner liable for the payment of the sums hereby assessed against any property or the owners thereof, but the said West Texas Construction Company, or its assigns, shall look solely to such property, and the owners thereof, for the payment of such assessments.'"

The plaintiff, in answer to the plea, contended it should be overruled, and that it had authority to institute the suit in the manner indicated for the following reasons: (1) By

virtue of the general laws of the state; (2) the charter of Sweetwater authorized it; (3) the ordinances of the city did likewise; (4) the contract between the city of Sweetwater and the construction company obligated the city to so institute the suit; and (5) the certificate evidencing the special assessment bond the city to institute the suit on demand of the owner of the assessment obligation for the benefit of the holder thereof.

The judgment of the trial court was evidently on the theory that: (1) "The general laws of Texas do not authorize cities to bring suits for the use and benefit of owners of assignable certificates for paving assessments, and the provision in an ordinance to that effect is invalid because unconstitutional." And (2) that: "The general laws of Texas provide that, where a party owns both the legal and equitable title to the cause of action, he must sue alone for the recovery thereon, and any ordinance providing differently is void."

For such reasons, at least, the appellee contends that the judgment of the trial court should be affirmed by this court.

The appellant attacks the judgment by three propositions, briefly stated and in substance: (1) That the allegations of plaintiff's petition and its answer to the plea in abatement were sufficient as against the appellee's contentions to permit the filing of the suit in the name of the city for the use of the construction company; (2) that the municipal corporation had such justiciable interest in the subject-matter of the suit as to authorize the same as filed; and (3) that, the city having alleged in its petition that it was a municipal corporation, organized under the Home Rule Act, with charter provision, ordinance, contract, etc., authorizing the very suit by it on said special assessment obligation for the use of the construction company, and having sustained such allegations by sufficient testimony, it had a right to maintain the suit, and the plea should have been overruled.

This record presents no question involving the validity of the assessment, and it appears that the city paid one-third of the value of such improvement, and that this suit is for the two-thirds of such value assessed against the defendant, the abutting property owner. Further, since about 1913 the city of Sweetwater has operated as a municipal government under the provisions of the Home Rule Act (now chapter 13, title 28, R. S. 1925), having availed itself of those provisions soon after its enactment. In 1915 the Legislature validated its charter, along with many others. At all times its charter provisions and ordinances gave it practically plenary powers over its streets and alleys, enabling it thereby to grade, improve, and pave the same,

paying a portion thereof and assessing the balance against the abutting property owner, and securing such assessment by lien against such property, and otherwise making it a legal obligation of the owner. The provision of the charter in force at the time the obligation herein sued on was created is as follows:

"Said assessments, when levied, may be enforced either by suit in any court having jurisdiction brought by the city for the benefit of the owner and holder of any such assessment, or of a certificate issued in evidence thereof, or brought by the said owner and holder, or by the sale of the property assessed in the same manner as near as possible as is provided for the sale of real estate for municipal ad valorem taxes."

In making the assessment and creating the obligation in the instant case, the provision of the charter above, with reference to the suit by the city, was in substance brought forward and made a provision of the contract entered into by the city of Sweetwater and the West Texas Construction Company. It was likewise made a provision of the ordinance closing the hearing and levying of the assessment, and this language there appears:

"If default be made in the payment of any assessment * * * the said city shall exercise all of its lawful powers to aid in enforcement of and collection of said certificates and assessments."

The certificate of special assessment provides, in case of default in payment of the same, and upon demand of the legal holder thereof, that the city should "exercise its power to enforce and collect this certificate by suit in its own name for the benefit of the said holder or said company. * * *"

Thus the entire proceedings embrace the assumed obligation on the part of the city to bring and prosecute suit for the benefit of the certificate holder on being requested so to do. Further, this suit was not brought by the city of Sweetwater essentially for itself, but as the agent or representative of the holder of the certificate. Nothing in the plea in abatement denies or challenges the authority of the city to represent the construction company as its agent in so bringing the suit, but the attack directed against the action of the city is as if it were bringing and prosecuting the suit to recover on the indebtedness in its own right.

■ This sufficiently states the record to reflect the issues presented. It may be added that courts take judicial notice of the charters of cities incorporated under the Home Rule Act (article 1174, R. S.) but not the city ordinances enacted thereunder. City of Amarillo v. Tutor (Tex. Com. App.) 267 S. W. 697-701.

It is also well settled that the provisions of such charters and ordinances must comply with, and not be in conflict with, nor. inconsistent with, the provisions of the Constitution or general statutory laws, but must be consistent therewith. City of Amarillo v. Tutor, supra; Cameron Water District v. Whittington (Tex. Civ. App.) 297 S. W. 868; City of Lubbock v. Magnolia Petroleum Co. (Tex. Civ. App.) 291 S. W. 660, affirmed (Com. App.) 6 S.W.(2d) 80; Brewer v. State, 113 Tex. Cr. R. 522, 24 S.W.(2d) 409.

This phase of the case will be later reverted to, but coming now directly to the points presented, and at this time considering the same in connection with the appellee's second counter-proposition, we think the authority of the city of Sweetwater to bring and prosecute this suit, under the pleadings and testimony detailed, for the use and benefit of the holder of the indebtedness evidenced by the special assessment certificate, is sustained by an opinion of our Supreme Court in the City of Waco v. Chamberlain, 92 Tex. 207, 47 S. W. 527, 531. The facts in that case do not in all respects correspond with the facts of this case, but in the essential features there is such similarity that the opinion may be said to rule this case. In that case the contract was also between the city and the contractor, or one doing the paving. There the city paid one-third of the costs of the paving, and assessed the other two-thirds of the costs against the abutting property and its owner, creating a lien securing the indebtedness. There the contract with the city stipulated that the contractor should look exclusively to the property owner and the property for the two-thirds of the costs so assessed against them, and it specifically exempted the city from any liability for that portion of the costs. No provision was there made for the suit by the contractor, and the city, without any right to appropriate to its use any portion of the judgment recovered, instituted a suit in the name of the city for the use and benefit of the holder of the paving claim. It is not disclosed in that case that the Waco charter provided that the city could sue for the benefit of the contractor, nor does such authority appear in the ordinances referred to in the opinion, while in the present case such authority appears in the charter, the contract, the ordinance, and the paving certificate. In the Chamberlain Case the city's authority to bring and prosecute the suit was challenged, and in disposing of the contention the Supreme Court said:

"We conclude * * * that the city of Waco could maintain this suit for the use and benefit of the contractor, Ockander. * * * It is ordered that the city of Waco, for the use of A. Ockander, have and recover of the defendants * * * the sum of $793.-91, with interest," etc.

However, we are of opinion that the charter provision above quoted, and which specifically authorizes the suit to be so instituted by the city of Sweetwater for the use and benefit of the construction company, is ample authority to justify the city of Sweetwater in so filing and prosecuting the same.

In view of the charter provision authorizing the suit by the city for the use and benefit of the construction company, nothing perhaps is added by the fact that the spirit and substance of that provision have been carried forward into the ordinance, the contract, and the recitals of the certificate of assessment; but all of these provisions and circumstances, considered together, evidence an obligation assumed by the city to prosecute and bring a suit on request of the holder of the certificate, and therein is manifested the interest of the city in the subject-matter of the litigation, which we think authorizes the city, independently of other reasons, to file and prosecute the suit. From the entire transaction there appears the purpose and obligation of the city to maintain such interest in the assessment by which it procured the paving of its streets, thus discharging its obligation in that respect to the public.

In appellee's first counter proposition it is contended that: "The general laws of Texas do not authorize cities to bring suits for the use and benefit of owners of assignable certificates for paving assessments." We have concluded, after considerable research, that the general statutory laws at the time and since the creation of the obligation herein sued on do not prohibit the institution by the city of Sweetwater of the instant suit. Such suits are at least not prevented by the statute, but are authorized by the charter sanctioned by statute. In the opinion in Blair v. City of Houston (Tex. Civ. App.) 252 S. W. 882, 885, a case in which the suit was prosecuted by the city for the use and benefit of a paving company, and under circumstances similar to those in the instant case, this language was used:

"* * * But our law, in so far as we have been able to find—and we have not been shown anything to the contrary—does not prevent the city of Houston, in this case, from filing a suit, as it was expressly authorized to do by the provisions of its charter granted by the Legislature of this state, in behalf of another who did work for the city under contract."

The foregoing observation fits the situation in which we find ourselves in considering the question here presented. Evidently the charter rights of the city to sue in its own name, as in this case, and for a like purpose, came before the court for a consideration, and its conclusions were as above stated.

We have not undertaken to compare the provisions of the charter of Sweetwater with

like provisions of other Texas cities wherein such cities are evidently authorized to bring and prosecute this character of suit for the use and benefit of the holder of said indebtedness, but evidently that authority is commonly granted and frequently exercised, as may be seen from the numerous cases in our reporter system. Although it does not appear from the opinion that the certificate holders were parties, or that the question of the right of the city to maintain the suit was ever raised, the cases are numerous, and some of them are: City of San Antonio, for Use and Benefit of Texas Bitulithic Co., v. Spears et ux. (Tex. Civ. App. San Antonio, 1918) 206 S. W. 703; City of Fort Worth et al. v. Capps Land Co. (Tex. Civ. App. Fort Worth, 1918) 205 S. W. 491; City of Corsicana et al., for Use and Benefit of T. W. Worthington, v. Mills (Tex. Civ. App. Texarkana, 1921) 235 S. W. 220; Massie v. City of Fort Worth, for Use and Benefit of Roach-Manigan Paving Co. (Tex. Civ. App. San Antonio, 1924) 262 S. W. 837; Blair v. City of Houston, for Use and Benefit of Creosoted Wood Block Paving Company (Tex. Civ. App. Beaumont, 1925) 273 S. W. 345; Johnson v. City of Fort Worth, for Use and Benefit of Roach-Manigan Paving Co. (Tex. Com. App. 1927) 299 S. W. 883; City of Ennis, for Use and Benefit of Central Bitulithic Co. v. Telfair et ux. (Tex. Civ. App. Waco, 1929) 22 S.W.(2d) 327; City of Wichita Falls, for Use and Benefit of L. E. Whitham & Co., v. Williams et al. (Tex. Sup. 1930) 26 S.W.(2d) 910. City of Waco v. Chamberlain, supra, is believed to settle the question.

■■ The other phase of appellee's counter proposition No. 1 is to the effect that "the provision in an ordinance (granting the right to the city to sue for the use of the owner of the paving assessment) is invalid because unconstitutional." We have not been cited to any provision of the Constitution of the state condemning such provision in the charter of a home rule city, or in the ordinance of a city so governed, and we have found none. We do not think the Constitution condemns or prohibits the institution of such suits. It is generally recognized that, under our Constitution and the statutory laws of Texas, parties plaintiffs may, by proper pleadings, bring and prosecute suits in their name for the use and benefit of others, instances of which frequently occur in suits under the "death statute," Workmen's Compensation Law, and numerous others not necessary to mention. As applied to the facts of this case, there could be no constitutional objection to this character of suit in which the plaintiff merely sues in a representative capacity, and the judgment upon the pleadings will necessarily be a complete protection to the defendant from any future recovery.

That there is no statutory inhibition against "a plaintiff suing for the use of another" plainly appears, by implication at least, from the language of article 2085, R. S., which reads as follows:

"When a plaintiff suing for the use of another shall die before verdict, the person for whose use such suit was brought, upon such death being suggested on the record in open court, may prosecute the suit in his own name, and shall be as responsible for costs as if he brought the suit."

We discover nothing in the above-quoted provisions of the charter and ordinance, respectively, of the city of Sweetwater necessarily in conflict with the Constitution or the general statutory laws of the state. We sustain the appellant's propositions, and for the reasons assigned the judgment of the trial court is reversed, and the cause remanded.